DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the April 18, 2005 judgment of the Lucas County Court of Common Pleas, following a jury trial, wherein, defendant-appellant, DeWayne Galloway, was convicted of aggravated robbery, with a gun specification, and robbery.[1] For the reasons set forth herein, we affirm the trial court's judgment.
 {¶ 2} On December 15, 2004, defendant-appellant, DeWayne Galloway, along with co-defendants Durrell Galloway and Shonda Moss, was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a gun specification, and robbery, in violation of R.C. 2911.02.[2] The charges stemmed from the October 23, 2004 robbery of the Erie Shores Credit Union located on West Central Avenue in Toledo, Lucas County, Ohio. The case against appellant, Durrell Galloway, and Ricky Perrin proceeded to a jury trial on February 8, 2005.
 {¶ 3} At trial, the facts presented were as follows. On October 23, 2004, at approximately 10:15 a.m., Jamila Minley and Shonda Moss, who had a gun hidden in her pant waistband, entered the Erie Shores Credit Union. Minley went up to the teller window and gave the teller a note demanding money or the other female with a gun (who remained back at the transaction counter) would shoot. The teller, Dora Gorham, gave Minley approximately $7,000 from her cash drawer and the two ran from the credit union. Some of the $50 bills were marked as "bait money" but they were never recovered.
 {¶ 4} On the day of the robbery, appellant purchased a car and Jamila Minley testified that she bought clothing with some of the robbery proceeds. Two days later, Minley and co-defendant, Ricky Perrin, were arrested by Toledo Police Officer Andre Bills, assigned to work for the Lucas County Metropolitan Housing Authority ("LMHA"). Initially, Bills was investigating Perrin and Minley as possible "squatters" or individuals living at an apartment who are not the actual lessees; he arrested them based on warrants for robbery.
 {¶ 5} Minley was interviewed by Toledo Police Detectives Jay Gast and Larry Anderson. Minley admitted to making false statements to the officers, including her last name and age. Minley identified appellant from a photo array and indicated that he drove the vehicle used in the robbery. Minley also stated that following the robbery they went to appellant's home to distribute the robbery proceeds.
 {¶ 6} Minley testified pursuant to a plea agreement with the state. In exchange for her testimony against the co-defendants, the state agreed to allow her to plead guilty to robbery and would recommend a minimum sentence. The jury found appellant guilty of both counts in the indictment and this appeal followed.
 {¶ 7} On appeal, appellant raises the following assignment of error:
 {¶ 8} "The conviction was against the manifest weight of the evidence."
 {¶ 9} Although appellant's sole assignment of error asserts that appellant's conviction was against the manifest weight of the evidence, appellant's argument is that there was insufficient evidence to support his conviction. We will address both standards.
 {¶ 10} The Ohio Supreme Court has ruled that "the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different."State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. "Sufficiency" pertains to a question of law as to whether the evidence is legally adequate, as to all the elements of the crime, to support a jury verdict. Id. Reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. However, under a manifest weight standard, an appellate court sits as the "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. Thompkins at 387. The appellate court, "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id., quoting State v.Martin (1983), 20 Ohio App.3d 172, 175. While an appellate court may determine that a judgment is sustained by sufficient evidence, it may still conclude that the judgment is against the weight of the evidence. (Citations omitted.) Id.
 {¶ 11} Appellant contends that because Jamila Minley's testimony was contradictory, it should not have been given any weight. Appellant then asserts that, discounting Minley's testimony, the evidence was insufficient as a matter of law to prove that he assisted or encouraged Minley and Shonda Moss to rob the credit union.[3]
 {¶ 12} Upon review of the entire trial transcript and, particularly, Minley's testimony we cannot say that the jury lost its way or created a manifest miscarriage of justice in any weight given to Minley's testimony. Minley testified that on the morning of the robbery, appellant and Moss came to where Minley and Ricky Perrin were staying and asked whether they wished to rob a bank. Minley stated that appellant drove the vehicle and Moss was in the passenger seat; Minley and Perrin rode in the back seat.
 {¶ 13} Minley testified that after the robbery, she and Moss ran out into the parking lot and got in the vehicle driven by appellant. Minley stated that they drove to appellant's and Moss's house where they divided the money. Further, Jalal Kanan testified that on October 23, 2004, he sold a used vehicle to appellant for $4,995. Appellant put $1,750 cash down on the vehicle. Kanan testified that appellant was accompanied by Shonda Moss, a past customer.
 {¶ 14} Based on the foregoing, we find that appellant's convictions were supported by sufficient evidence and were not against the weight of the evidence. Appellant's assignment of error is not well-taken.
 {¶ 15} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. concur.
[1] Although not raised as an assignment of error and, likely, technically correct under the strict "elements" analysis ofState v. Rance (1999), 85 Ohio St.3d 632, this court finds it troubling that appellant was convicted of two felonies for a single offense.
[2] Co-defendants Ricky Perrin and Jamila Minley were indicted on November 2, 2004.
[3] R.C. 2923.03, the complicity statute, provides, in relevant part:
"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
" * * *;
"(2) Aid or abet another in committing the offense; * * *."
Aiding and abetting is defined as assisting or facilitating the commission of a crime or promoting its accomplishment. State v.Johnson, 93 Ohio St.3d 240, 243, 2001-Ohio-1336, citing Black's Law Dictionary (7 Ed.Rev. 1999) 69.