DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the April 18, 2005 judgment of the Lucas County Court of Common Pleas, following a jury trial, wherein, defendant-appellant, Durrell Galloway, was convicted of aggravated robbery, with a gun specification, and robbery.[1] For the reasons set forth herein, we affirm the trial court's judgment.
 {¶ 2} On December 15, 2004, defendant-appellant, Durrell Galloway, along with co-defendants DeWayne Galloway and Shonda Moss, was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), with a gun specification, and robbery, in violation of R.C. 2911.02.[2] The charges stemmed from the October 23, 2004 robbery of the Erie Shores Credit Union located on West Central Avenue in Toledo, Lucas County, Ohio. The case against appellant, DeWayne Galloway, and Ricky Perrin proceeded to a jury trial on February 8, 2005.
 {¶ 3} At trial, the facts presented were as follows. On October 23, 2004, at approximately 10:15 a.m., Jamila Minley and Shonda Moss, who had a gun hidden in her pant waistband, entered the Erie Shores Credit Union. Minley went up to the teller window and gave the teller a note demanding money or the other female with a gun (who remained back at the transaction counter) would shoot. The teller, Dora Gorham, gave Minley approximately $7,000 from her cash drawer and the two ran from the credit union. Some of the $50 bills were marked as "bait money" but they were never recovered.
 {¶ 4} On the day of the robbery, co-defendant, DeWayne Galloway, purchased a car and Jamila Minley testified that she bought clothing with some of the robbery proceeds. Two days later, Minley and co-defendant, Ricky Perrin, were arrested by Toledo Police Officer Andre Bills, assigned to work for the Lucas County Metropolitan Housing Authority ("LMHA"). Initially, Bills was investigating Perrin and Minley as possible "squatters" or individuals living at an apartment who are not the actual lessees; he arrested them based on warrants for robbery.
 {¶ 5} Minley was interviewed by Toledo Police Detectives Jay Gast and Larry Anderson. Minley admitted to making false statements to the officers, including her last name and age. Minley identified appellant from a photo array and indicated that he acted as a lookout during the robbery. Minley also stated that appellant had been in the bathroom in the building during the robbery. Minley believed that appellant received some of the proceeds from the robbery but she was not certain.
 {¶ 6} Minley admitted that she testified pursuant to a plea agreement with the state. In exchange for her testimony against the co-defendants, the state agreed to allow her to plead guilty to robbery and would recommend a minimum sentence. The jury found appellant guilty of both counts in the indictment and this appeal followed.
 {¶ 7} On appeal, appellant raises the following three assignments of error:
 {¶ 8} "Assignment of Error Number One:
 {¶ 9} "The trial court erred in denying appellant's motion to sever.
 {¶ 10} "Assignment of Error Number Two:
 {¶ 11} "The verdict was unsupported by and against the manifest weight of the evidence.
 {¶ 12} "Assignment of Error Number Three:
 {¶ 13} "The sentence imposed by the trial court was excessive and contrary to law."
 {¶ 14} In appellant's first assignment of error, appellant contends that the trial court erroneously denied his motion to sever because the testimony regarding his co-defendant's active involvement was prejudicial considering the "lack of evidence" linking appellant to the crime.
 {¶ 15} Crim.R. 13 provides that:
 {¶ 16} "The court may order two or more indictments or informations or both to be tried together, if the offenses or the defendants could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information."
 {¶ 17} Joinder of defendants for trial is favored because joinder "conserves judicial and prosecutorial time, lessens the not inconsiderable expense of multiple trials, diminishes inconvenience to the witnesses, and minimizes the possibility of incongruous results in successive trials before different juries." State v. Thomas (1980), 61 Ohio St.2d 223, 225. Pursuant to Crim.R. 14, a defendant can get relief from joinder where the defendant demonstrates that his rights are prejudiced. The determination of whether a defendant shall be tried separately from a co-defendant is within the trial court's sound discretion; on review, such determination will not be disturbed absent a showing that the trial court abused its discretion.State v. Torres (1981), 66 Ohio St.2d 340.
 {¶ 18} In the present case, appellant and co-defendant, DeWayne Galloway, were jointly indicted; co-defendant, Ricky Perrin, was indicted separately. The charges stemmed from a single event. Appellant claims that he was "clearly surprised" the day of trial to learn that appellant's case and Perrin's case were to be jointly tried. Appellant also contends that because Perrin had a greater role in the robbery, the jury was unable to separate the testimony implicating Perrin from the "lack of evidence" regarding appellant's involvement.
 {¶ 19} Obviously, because appellant made a motion to sever, appellant was displeased that his case was being tried with Perrin's; however, there is no evidence of prejudicial "surprise". Likewise, appellant has provided no specific evidence demonstrating that the jury was unable to separate the testimony with regard to each co-defendant. Accordingly, we cannot say that the trial court abused its discretion when it denied appellant's motion to sever. Appellant's first assignment of error is not well-taken.
 {¶ 20} In appellant's second assignment of error he contends that the verdicts were against the manifest weight of the evidence because appellant's conviction was based solely on the uncorroborated testimony of Jamila Minley, characterized by appellant as an "admitted liar who cut a deal with the State for her testimony."
 {¶ 21} We note that the "weight of the evidence" refers to the jury's resolution of conflicting testimony. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id.
 {¶ 22} After reviewing the entire trial transcript and, particularly, Minley's testimony implicating appellant in the robbery, we cannot say that the jury lost its way or created a manifest miscarriage of justice in finding appellant guilty. Minley testified that she, Perrin, DeWayne Galloway and Shonda Harris picked up appellant on the way to the credit union. Appellant went into the lobby outside the entrance to the credit union; Minley testified that appellant was acting as a lookout. Minley also testified that the security camera footage, shown to the jury, depicted appellant leaving the credit union.
 {¶ 23} Minley testified that following the robbery, she believed that appellant received some of the proceeds because she saw him with a "little wad of money." Minley further stated that DeWayne Galloway and appellant warned her to change the distinctive red hair she had during the robbery. Based on the foregoing, we find that appellant's second assignment of error is not well-taken.
 {¶ 24} In appellant's third and final assignment of error he argues that his sentence was contrary to law based on, inter alia, the United States Supreme Court case Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403. Appellant argues that absent specific jury factfinding, he was required to have been given a minimum sentence. Conversely, appellant argues that the court failed to make a finding under R.C. 2929.14(B) prior to sentencing appellant to more than the minimum.
 {¶ 25} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court determined that portions of the Ohio felony sentencing statues requiring judicial factfinding were unconstitutional. However, instead of requiring that courts impose only minimum, concurrent sentences, the court severed the offending provisions and held that:
 {¶ 26} "Trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus.
 {¶ 27} The Foster court further noted that "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to `consider' the statutory factors." Foster at ¶ 42. Accordingly, following Foster,
trial courts are still required to consider the general guidance factors at sentencing. At the sentencing hearing the trial court stated that it considered the presentence investigation report, appellant's statement, the statutory factors, and the seriousness and recidivism factors. In its April 18, 2005 judgment entry, the trial court specifically stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C.2929.12; the court did not mention R.C. 2929.14(B) which was severed by Foster.
 {¶ 28} Upon review, we cannot say that the trial court abused its discretion in sentencing appellant. Appellant's third assignment of error is not well-taken.
 {¶ 29} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in the preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. concur.
[1] Although not raised as an assignment of error and, likely, technically correct under the strict "elements" analysis ofState v. Rance (1999), 85 Ohio St.3d 632, this court finds it troubling that appellant was convicted of two felonies for a single offense.
[2] Co-defendants Ricky Perrin and Jamila Minley were indicted on November 2, 2004.