DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction for aggravated robbery entered on a jury verdict in the Lucas County Court of Common Pleas. For the reasons that follow, we affirm appellant's conviction, but vacate the imposition of consecutive sentences and remand for resentencing.
 {¶ 2} On the morning of October 23, 2004, a young woman with bright pink hair walked into a Toledo branch of the Erie Shores Credit Union. She was accompanied by another woman. While her companion busied herself at a counter, the pink haired woman approached the teller, handing her a note that said, "hand over all the money or the female with the gun well [sic] shoot." Seconds later, the two women left with more than $7,000. All this was captured on security video.
 {¶ 3} Two days later, police arrested the woman with the pink hair, Jamila Minley, along with her boyfriend, appellant, Ricky Perrin. Appellant, it turned out, was also captured on the security video the day of the robbery, appearing a few minutes before Minley to ask the cashier for coin wrappers.
 {¶ 4} After initially providing police with a false name and story, Minley eventually confessed to the robbery, implicating appellant and three others: Shondra Moss, DeWayne Galloway and Durrell Galloway. According to Minley, appellant went into the credit union first to case the layout. When he came out, he instructed Minley to give the note to the female teller. Minley, accompanied by Moss, who was armed with a pistol in her belt, performed the actual robbery while the Galloways acted as the lookout and getaway driver.
 {¶ 5} Appellant, with the others, was indicted as an accomplice in aggravated robbery, with a gun specification, a first degree felony, and robbery, as a second degree felony. Although indicted separately, appellant and the Galloways were tried together. All three were convicted as charged. Appellant was sentenced to concurrent six year terms of incarceration for the robbery counts, to be served consecutively with a mandatory three year sentence for the gun specification. From this judgment of conviction and sentence, appellant now brings this appeal, setting forth the following four assignments of error:
 {¶ 6} "I. The trial court abused its discretion by ordering Perrin to stand trial with two other defendants who had been indicted separately from him.
 {¶ 7} "II. Perrin's convictions were against the manifest weight of the evidence.
 {¶ 8} "III. The prosecutor engaged in misconduct by vouching for his witnesses, trying to impeach one during closing and otherwise improperly commenting on the evidence.
 {¶ 9} "IV. Perrin's sentence violated his constitutional right as defined in United States v. Blakely."
 I. Severance of Charges {¶ 9} In his first assignment of error, appellant asserts that the trial court abused its discretion in denying his motion to sever his trial from that of his codefendants. This is essentially the same argument raised on appeal and rejected with respect to codefendant Durrell Galloway. State v. Galloway, 6th Dist. No. L-05-1157, 2006-Ohio-3051, at ¶ 14-19. Interestingly, like Durrell Galloway, appellant argues that his case should have been severed from the trial of the others because the evidence suggests that he was less culpable than his codefendants. This argument, like Durrell Galloway's, is unpersuasive. There is nothing in the record to suggest that the trial court's decision to deny severance was arbitrary, unreasonable or unconscionable. Accordingly, appellant's first assignment of error is found not well-taken.
 II. Manifest Weight {¶ 10} In his second assignment of error, appellant suggests that his conviction was against the manifest weight of the evidence. This argument too was raised by both Durrell and DeWayne Galloway and rejected on appeal. Id. at ¶ 20-23; Statev. Galloway, 6th Dist. No. L-05-1148, 2006-Ohio-3050, at ¶ 14.
 {¶ 11} Like his codefendants, appellant attacks as untrustworthy the plea bargain induced testimony of Jamila Minley. Irrespective of Minley's testimony, however, there is sufficient evidence to support a guilty verdict. Minley and appellant were together when arrested. The security tape inside the credit union clearly shows appellant at the counter moments before the robbery. A camera outside the lobby captured an exchange between Minley and appellant when he left the lobby. Appellant's fingerprint was on the demand note. Appellant had $1,300 in cash on him when arrested, notwithstanding his reported status as unemployed. This, especially combined with Minley's testimony, provides ample support in both the sufficiency and weight of the evidence. See State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-52. Accordingly, appellant's second assignment of error is not well-taken.
 III. Prosecutorial Misconduct {¶ 12} In his third assignment of error, appellant maintains that the state engaged in prosecutorial misconduct during closing argument by vouching for the veracity of certain witnesses. Appellant concludes that, since trial counsel did not object to the behavior of which he now complains, he has waived all but plain error. See City of Alliance v. Yin, 5th Dist. No. 2004CA00239, 2005-Ohio-2989, at ¶ 69.
 {¶ 13} Appellant complains that, during closing argument, the state interpreted the security video for the jury; noted that the fingerprint expert could be candid because he was "just doing his job;" impeached his own witness by noting that a parking lot security officer who misidentified a participant was an "old guy;" and, suggested that Jamila Minley had a motive to tell the truth and was not bright enough to make up a story.
 {¶ 14} Although both the prosecutor and the defense have wide latitude during closing arguments, State v. Loza (1994),71 Ohio St.3d 61, 78, a prosecutor may not express a personal belief as to the truthfulness of a witness. State v. Jones (1996),114 Ohio App.3d 306, 315. To warrant reversal for this type of misconduct, the statements must not only be improper but prejudicially affect a defendant's substantial rights. State v.Lott (1990), 51 Ohio St.3d 160, 166.
 {¶ 15} Since, in this matter, no objection was made to the purportedly improper statements, we must apply the "plain error" standard. To show plain error, an appellant must establish that but for the error the outcome of his trial would have been different. Crim.R. 52(B); Lott, supra, at 165.
 {¶ 16} We have thoroughly reviewed the state's closing argument in this matter and fail to find any instance in which the prosecution offered any voucher or expression of belief in the veracity of any witness. The statements of which appellant complains are well within the broad bounds of argument permissible in closing. Accordingly, appellant's third assignment of error is not well-taken.
 IV. Blakely {¶ 16} In his remaining assignment of error, appellant raises ("to preserve the issue"), but does not argue, the applicability of United States v. Blakely (2004), 542 U.S. 296, to his sentencing.
 {¶ 17} Blakely, at 304, held that certain enhanced sentences — sentences beyond a standard range which required a judge to make findings — violated an accused's Sixth Amendment right to trial by jury. After appellant's brief in his matter was filed, Blakely was held applicable to certain portions of Ohio's sentencing statutes. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, syllabus. In remedy, the Supreme Court of Ohio severed portions of the sentencing statute and held them null. Among those portions severed was R.C. 2929.14(E)(4), the section dealing with the imposition of consecutive sentences. Id. Pursuant to Foster, the sentence of one who received consecutive sentences as a result of the application of R.C.2929.14(E)(4) may have that sentence set aside and be resentenced.
 {¶ 18} It is the imposition of consecutive sentences to which appellant complains. The trial court sentenced appellant to three years on the gun specification, consecutive to a six year term for the aggravated robbery. This is a statutorily required consecutive term with no Blakely/Foster implications. R.C.2929.14(D)(1)(b). The court then merged the two robbery counts, ordering concurrent sentences.
 {¶ 19} Approximately a month prior to this robbery, however, appellant had been released from prison on a prior aggravated assault conviction and was on post release control at the time of the offense. Applying R.C. 2929.14(E)(4), the trial court ordered the remaining sentence from the assault case to be served consecutive to the sentence imposed in the present matter. Pursuant to Foster, the application of R.C. 2929.14(E)(4) was improper. Accordingly, appellant's fourth assignment of error is well-taken.
 {¶ 20} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. The consecutive sentence ordered between the assault case and the robbery case is vacated and the matter is remanded to said court for resentencing on the consecutive term issue only. See State v. Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, at paragraph three of the syllabus. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Singer, P.J., Skow, J., Parish, J., concur.