OPINION
{¶ 1} Defendant, Ricky Puckett, appeals from a judgment overruling his motion to reconsider sentencing.
 {¶ 2} In 1997, Defendant pled guilty to attempted murder, aggravated arson, kidnapping and felonious assault. The trial court sentenced Defendant to consecutive and concurrent [D1] sentences totaling twelve years. On direct appeal we reversed and vacated Defendant's conviction for felonious assault, but in all other respects we affirmed Defendant's convictions and sentences. State v. Puckett (March 27, 1998), Greene App. No. 97CA43.
 {¶ 3} On June 23, 2005, Defendant filed a "Motion to Reconsider Defendant's Sentencing Pursuant to Blakely v. Washington." CitingBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, Defendant argued that his Sixth Amendment right to jury trial was violated because the greater than minimum and consecutive sentences the trial court imposed were based upon findings neither made by a jury nor admitted by him.
 {¶ 4} On February 10, 2006, the trial court overruled Defendant's motion to reconsider sentencing. Days later, the Ohio Supreme Court held in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, that certain provisions of Ohio's felony sentencing scheme, including those that the trial court relied upon here to make findings justifying its greater than minimum and consecutive sentences, R.C. 2929.14(B) and (E)(4), are unconstitutional because they violate a defendant's Sixth Amendment rights per Blakely v. Washington, supra.
 {¶ 5} Defendant timely appealed to this court from the trial court's decision refusing to reconsider his sentences in light ofBlakely.
 ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE, NON — MINIMUM SENTENCES BASED ON FINDINGS NOT MADE BY A JURY BEYOND A REASONABLE DOUBT."
 {¶ 7} Initially, we note that Defendant's "Motion To Reconsider Sentencing Pursuant To Blakely v. Washington" is in fact an R.C. 2953.21
petition for post — conviction relief. We shall treat it as such, given that Defendant is seeking relief specifically authorized by R.C.2953.23(A)(1) and not otherwise available to him. Furthermore, this post-conviction petition is a successive one, as Defendant previously filed petitions for post-conviction relief on January 20 and August 21, 1998.
 {¶ 8} In order to be timely filed, a petition for postconviction relief must be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal from the judgment of conviction. R.C. 2953.21(A)(2). The trial transcript in Defendant's direct appeal from his conviction was filed in this court on June 18, 1997. Therefore, in order to be timely, Defendant's post-conviction petition had to be filed no later than December 15, 1997. Defendant's petition which was filed some seven and one-half years later, on June 23, 2005, obviously is untimely.
 {¶ 9} A trial court lacks jurisdiction to consider untimely filed or successive post-conviction petitions unless one of the exceptions in R.C. 2953.23(A)(1) or (2) applies. State v. Harden (October 21, 2005), Montgomery App. No. 20803, 2005-Ohio-5580. Defendant argues that the exception in R.C. 2953.23(A)(1) applies in this case: that subsequent to the period prescribed in R.C. 2953.21(A)(2) or to the filing of an earlier petition, a new federal or state right that applies retroactively to the petitioner was recognized by the United States Supreme Court in Blakely v. Washington, and the petition asserts a claim based upon that right. R.C. 2953.23(A)(1)(a).
 {¶ 10} New rules for the conduct of criminal prosecutions apply retroactively only to cases that are pending on direct review and are not yet final. State v. Hayden (August 5, 2005), Montgomery App. No. 20657, 2005-Ohio-4024; Griffith v. Kentucky (1987), 479 U.S. 314,107 S.Ct. 708, 93 L.Ed.2d 649.
Defendant's conviction has been final and has not been pending on direct review since 1998. Therefore, Defendant's conviction became final years before the Supreme Court's decision in Blakely, and accordingly, the new rule of law announced therein does not apply retroactively to Defendant. Having failed to establish the applicability of the exception in R.C. 2953.23(A)(1)(a), the trial court lacked jurisdiction to consider Defendant's untimely petition.
 {¶ 11} State v. Foster applies retroactively only to cases that are pending on direct review and are not yet final. Id. At ¶ 106. Defendant's case is not and was not pending on direct review at the timeFoster was decided. Therefore, Foster does not apply to this case, and reversal and remand for resentencing is not required. State v.Jones (September 22, 2006), Montgomery App. No. 21341, 2006-Ohio-4936.
 {¶ 12} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.