DECISION AND JUDGMENT ENTRY.
{¶ 1} This is an appeal from a Hocking County Common Pleas Court re-sentencing entry and judgment. A jury found Marion F. Courtney, Jr., defendant below and appellant herein, guilty of rape in violation of R.C. 2907.02(A)(1)(b), sexual battery in violation of R.C.2907.03(A)(5), and gross sexual imposition in violation of R.C.2907.05(A)(4).
 {¶ 2} Appellant assigns the following error for review:
 "AT THE RESENTENCING HEARING, IMPOSITION OF GREATER THAN THE MINIMUM TERMS FOR AN INDIVIDUAL WHO HAD NOT PREVIOUSLY SERVED TIME IN PRISON, AND MAKING THOSE TERMS CONSECUTIVE, VIOLATED THE SIXTH AMENDMENT AND DUE PROCESS GUARANTEES OF THE FEDERAL CONSTITUTION AND THE EQUIVALENT GUARANTEES UNDER THE OHIO CONSTITUTION." *Page 2 
 {¶ 3} On February 25, 2005, the Hocking County Grand Jury returned an indictment charging appellant with those offenses cited above. Appellant entered a not guilty plea and the matter proceeded to a jury trial. After the evidence and arguments, the jury found appellant guilty of all charges. On August 22, 2005, the trial court sentenced appellant to serve eight years on the rape conviction, three years on the sexual battery conviction and three years on the gross sexual imposition, each to be served consecutively to one another. No appeal was taken from that judgment.
 {¶ 4} On July 3, 2006, appellant filed a pro se "petition for post conviction relief" and claimed that the sentencing statutory scheme was unconstitutional pursuant to the Ohio Supreme Court's decision inState v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856. Appellant asked that his sentence be vacated and that he be re-sentenced pursuant to law.
 {¶ 5} The trial court granted his "petition" and held a sentencing hearing. On August 30, 2006, the court imposed the same prison terms and ordered them to be served consecutively. This appeal followed.
 I *Page 3 {¶ 6} Appellant asserts in his assignment of error that the trial court's decision to re-impose any sentence greater than a minimum sentence violates federal and state ex post facto provisions. We disagree with appellant for several reasons.
 {¶ 7} First, appellant did not raise this issue at the August 23, 2006 re-sentencing hearing. The failure to do so amounts to a waiver of that issue on appeal. State v. Close, Washington App. No. 03CA30,2004-Ohio-1764, at ¶ 19; State v. Smith, Highland App. No. 01CA13, 2002-Ohio-3402, at ¶ 18; In re Cazad, Lawrence App. No. 04CA36,2005-Ohio-2574, at ¶ 48.
 {¶ 8} Second, even if the issue had been properly preserved for appeal, we have already considered whether sentencing afterFoster violates ex post facto and due process guarantees and concluded that it does not. See State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶ ¶ 9-11. Nothing in appellant's brief prompts us to re-consider that decision and we continue to adhere to it today. We further point out that other courts have reached the same conclusion and found no ex post facto violation. See e.g. State v. Elswick, Lake App. No. 2006-L-75, 2006-Ohio-7011, at ¶ ¶ 16-30; State v. Gibson, Franklin App. No. 06AP-509, 2006-Ohio-6899, at ¶ ¶ 16-18; State v. McGhee, Shelby App. No. 17-06-05, 2006-Ohio-5162, at ¶ ¶ 11 13-20.
 {¶ 9} Accordingly, appellant's assignment of error is meritless. Our inquiry does not end at this juncture, however.
 {¶ 10} Generally, when no appeal is taken from a judgment of conviction and sentence, a postconviction relief petition must be *Page 4 
filed no later than one hundred eighty (180) days after expiration of the time for filing an appeal. See R.C. 2953.21(A)(2). In the case sub judice, the original sentencing entry was filed August 22, 2005 and appellant had thirty days after that date to file an appeal. See App.R. 4(A). When those thirty days had run, appellant had an additional one hundred eighty days to request for postconviction relief. Appellant, however, did not file his petition until July 3, 2006.
 {¶ 11} Generally, trial courts are prohibited from considering petitions for postconviction relief filed outside the prescribed statutory time limits. See R.C. 2953.23(A). Two exceptions exist to that rule, however, and the one that could arguably apply here is subsection (A)(1). This provision requires appellant to satisfy the following criteria:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
Appellant made no attempt in his petition to come within the confines of this exception and we are not persuaded that the *Page 5 
exception would apply. Appellant is not challenging the jury's verdict, nor is he challenging a death sentence. Moreover, he is not claiming that a new federal or state right applies to him retroactively nor could he make such a claim. We have previously held that neitherFoster, nor any of the federal cases on which Foster is based, created new rights for purposes of R.C. 2953.23(A)(1). See State v.Cottrill, Pickaway App. No. 06CA20, 2006-Ohio-6943, at ¶ 13.
 {¶ 12} We also point out that insofar as Foster is concerned, the Ohio Supreme Court stated that only those cases pending on direct appeal at the time Foster was decided need to be remanded for re-sentencing.2006-Ohio-856, at ¶ 104. The case sub judice was not pending on direct appeal at the time Foster was decided. Thus, Foster does not apply. SeeState v. Scuba, Geauga App. No. 2006-G-2713, 2006-Ohio-6203, at ¶ 19
(Foster did not apply where direct appeal was already "final");State v. Carter, Clinton App. No. Ca2006-03-010, 2006-Ohio-4205, at ¶ ¶ 5-7 (Foster did not apply because appeals were not pending, they were final).
 {¶ 13} In any event, we conclude that appellant's petition for postconviction relief was out of rule, that appellant did not establish sufficient reason for the petition to be considered late, and that the trial court had no jurisdiction to consider the petition and should not have re-sentenced appellant pursuant to Foster. Accordingly, the trial court's August 30, 2006 entry is hereby vacated and the court's original August 22, 2005 judgment is hereby re-instated. *Page 6 
 JUDGMENT VACATED AND PREVIOUS JUDGMENT RE-INSTATED CONSISTENT WITH THE OPINION. JUDGMENT ENTRY
It is ordered that the judgment be vacated, that the court's judgment of August 22, 2005, be reinstated and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Harsha, J. Kline, J.: Concur in Judgment Opinion For the Court *Page 1