OPINION
{¶ 1} This is an appeal from a judgment of the court of common pleas that denied Defendant's R.C. 2953.21 petition for post-conviction relief as untimely filed. The issue presented is whether the time-extension provisions of R.C. 2953.23(A) apply. *Page 2 
 {¶ 2} Defendant was convicted in 1997 of multiple sex offenses on his pleas of guilty. The trial court imposed consecutive sentences on findings it made pursuant to R.C. 2929.14(B) and (E)(4). Defendant took no direct appeal.
 {¶ 3} In 2006, Defendant filed a petition for post-conviction relief, asking the court to vacate the sentences it imposed in 1997. Defendant contended that his consecutive sentences were unconstitutionally imposed on findings made by the court instead of a jury.
 {¶ 4} It is undisputed that Defendant's petition failed to satisfy the 180-day filing requirement in R.C. 2953.21. Defendant contended that the requirement is waived pursuant to R.C. 2953.23(A)(1)(a), because holdings of the United States Supreme Court subsequent to his sentences "recognized a new federal right. . . that applies retroactively to persons in the petitioner's situation. . ." Id.
 {¶ 5} Defendant relied on the holdings in Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakely v.Washington (2004), 542 U.S. 296, 159 L.Ed.2d 403, 124 S.Ct. 2531; andUnited States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621. All were handed down subsequent to imposition of the sentence in Defendant's case. Assuming that they recognized a "new" federal right, the *Page 3 
issue is whether they apply retroactively to Defendant.
 {¶ 6} In Ring v. Arizona (2002), 536 U.S. 584, 122 S.Ct. 2428,153 L.Ed.2d 566, the Supreme Court applied its holding in Apprendi to invalidate a state sentencing statute that permitted sentences to be imposed on findings made by a judge. Subsequently, in Schriro v.Summerlin (2004), 542 U.S. 348, 159 L.Ed.2d 442, 124 S.Ct. 2519, the Supreme Court held that the right announced in Ring, and by extension the right announced in Apprendi and its progeny, Blakely andBooker, does not apply retroactively to cases already final and not on direct review. Accord, Griffith v. Kentucky (1987), 479 U.S. 314,107 S.Ct. 708, 93 L.Ed.2d 649.
 {¶ 7} Defendant's conviction and sentence became final in 1997, and it was not on direct review when Apprendi was decided. Therefore, the holdings in Apprendi, Blakely and Booker do not apply retroactively to Defendant for purposes of R.C. 2953.23(A)(1)(a), and he is not entitled to the benefit of the time-extension provisions of that section. Because the petition Defendant filed in 2006 was not timely filed, the trial court lacked jurisdiction to grant the relief Defendant requested.State v. Puckett, Greene App. No. 2006-CA-32, 2006-Ohio-6609. The trial court did not err when it dismissed the petition. *Page 4 
 {¶ 8} State v. Foster, 109 Ohio St.1, 2006-Ohio-856, which appliesBlakely to the sentencing statutes of which Defendant complains, applies retroactively only to cases that are pending on direct review and are not yet final. Id. At ¶ 106. Defendant's case is not and was not pending on direct review at the time Foster was decided. Therefore,Foster does not apply to this case, and reversal and remand for resentencing is not required. State v. Jones (September 22, 2006), Montgomery App. No. 21341, 2006-Ohio-4936.
 {¶ 9} Defendant's assignments of error are overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. And WALTERS, J., concur. *Page 1