OPINION
{¶ 1} Defendant-appellant Ryan L. Jones appeals from an order of the trial court denying his motion "to correct improper sentence." Jones relies upon State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, but the holding in that case applies retroactively, by its express terms, only to cases that were pending on direct appeal when it was decided. *Page 2 
¶ 104. Because Jones's sentence was part of a judgment that had become final before State v. Foster, supra, was decided, the trial court properly denied his motion to modify his sentence.
 I {¶ 2} In 2005, Jones was indicted upon one count of Improperly Discharging a Firearm at or into a Habitation, with a firearm specification, and one count of Having a Weapon Under Disability, also with a firearm specification. In a plea bargain, Jones pled guilty to Improperly Discharging a Firearm at or into a Habitation, and the other count and both firearm specifications were dismissed.
 {¶ 3} The possible sentences for the offense to which Jones pled guilty were 2, 3, 4, 5, 6, 7, or 8 years imprisonment. The trial court imposed a five-year sentence on August 29, 2005. No appeal was taken.
 {¶ 4} In June, 2006, Jones filed a pro se motion "to correct improper sentence." In the memorandum supporting his motion, Jones relied uponBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621, and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, for the proposition that he could only have been sentenced to the minimum term of two years, no jury having made the findings of fact required by the Ohio sentencing statute for a more-than-minimum sentence.
 {¶ 5} The trial court denied Jones's motion to correct his sentence. From the order denying his motion, Jones appeals. *Page 3 
 II {¶ 6} Jones's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO CORRECT IMPROPER SENTENCE."
 {¶ 8} On appeal, Jones relies upon State v. Foster, supra, contending that the holding in that case requires the vacation of Jones's sentence and a remand of this cause for re-sentencing under Foster.
 {¶ 9} The State points out that in State v. Puckett, 2006-Ohio-6609, Greene App. No. 2006 CA 32, we have held that: "State v. Foster applies retroactively only to cases that are pending on direct review and are not yet final." We approve and follow State v. Puckett, supra. See, also, State v. Kline, 2007-Ohio-3703, Montgomery App. No. 21660.
 {¶ 10} Paragraphs 104 and 106 of State v. Foster, supra, clearly state that its holding is to be applied to all cases pending on direct review at the time Foster was decided. Although paragraph 103 ofFoster refers to situations where a sentence is deemed void, including, as an express example, where a sentence is void because it does not contain a statutorily mandated term, we conclude that the holding inFoster only rendered sentences in accordance with the parts of the sentencing statute severed by Foster voidable, not void. Otherwise, there would have been no need to specify in the opinion that its holding applied to all cases pending on direct review — the holding would have applied to all sentences, period. We cannot conclude that this is what the Ohio Supreme Court intended in State v. Foster, supra. A retroactive application of the holding in Foster to all more-than-minimum felony sentences imposed under the 1996 *Page 4 
Ohio felony sentencing statute would require reversal, remand, and re-sentencing in a vast number of cases, with, as Jones recognizes in his brief, the distinct possibility in each case that the sentence imposed upon re-sentencing would be the same sentence originally imposed.
 {¶ 11} Jones's sole assignment of error is overruled.
 III {¶ 12} Jones's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1