DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Washington County Common Pleas Court judgment that overruled a motion by Robert Lee Hill, defendant below and appellant herein, to vacate his original sentence and to re-sentence him consistent with recent United States and Ohio Supreme Court cases.
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY ENHANCING DEFENDANT-APPELLANT'S SENTENCE OVER THE *Page 2 
PRESUMPTIVE MINIMUM WITHOUT SUBMITTING THE JUDICIAL FACT-FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT. SEE BLAKELY V. WASHINGTON . . ."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY IMPOSING A CONSECUTIVE SENTENCE UPON DEFENDANT-APPELLANT WITHOUT SUBMITTING THE JUDICIAL FACT-FINDINGS TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMISSION FROM DEFENDANT-APPELLANT."
 THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY DENYING DEFENDANT-APPELLANT'S MOTION TO VACATE OR SET ASIDE JUDGMENT OF SENTENCE FOR RESENTENCING UNDER THE STATE V. FOSTER [CASE]."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED BY NOTIFYING DEFENDANT-APPELLANT THAT A 3 YEAR UNCONSTITUTIONAL POST RELEASE CONTROL MAY BE IMPOSED UPON DEFENDANT-APPELLANT APRIL 16, 2001, THUS VIOLATING DEFENDANT-APPELLANT'S FOURTH, SIXTH AND FOURTEENTH AMENDMENT RIGHT'S [sic] TO THE UNITED STATES CONSTITUTION."
 {¶ 3} In 2001, appellant was convicted of burglary and sentenced to three years in prison to be served consecutively to other sentences he was then serving. No appeal was taken from that judgment.
 {¶ 4} On September 5, 2006, appellant filed a "motion to vacate sentence for resentencing." Although his supporting argument included little more than a citation to various United States and Ohio Supreme Court cases, the gist of his argument appeared to be that the statutory framework under which he was sentenced was *Page 3 
unconstitutional because it required judicial fact-finding. At the October 12, 2006 hearing the trial court informed appellant that it had no jurisdiction to consider his motion. This appeal followed.
 {¶ 5} We consider all of the assignments of error together because they are variations on the same issue(s) that challenge appellant's 2001 sentence. First, with respect to the constitutional infirmity of the statutory framework under which appellant was sentenced and given post-release control, these are issues that should have been raised five years ago in a direct appeal of his conviction. No appeal was taken, however. Thus, those issues are barred from consideration by the doctrine of res judicata. State v. Houston (1995), 73 Ohio St.3d 346,347, 652 N.E.2d 1018; State v. Perry (1967) 10 Ohio St.2d 175,226 N.E.2d 104, at paragraph nine of the syllabus. Second, insofar as appellant's reliance on Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, those decisions do not apply retroactively to Ohio cases that were not pending on direct appeal at the time Apprendi and Blakely were decided. State v. Kline, Montgomery App. No. 21660, 2007-Ohio-3703, at]}6; State v. Reynolds, Franklin App. No. 06AP-996, 2007-Ohio-2188, at]}14; State v. Schoolcraft, Washington App. No. at 05CA29, 2006-Ohio-3139, at]}11. Appellant's conviction was not appealed and, consequently, Apprendi and Blakely have no application.[1] Third, the Ohio Supreme Court's decision in State v.Foster, *Page 4 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, requires re-sentencing in cases pending on direct appeal at the time it was decided. Id. at]}104. As the trial court aptly noted cases not pending on direct appeal whenFoster was decided cannot be re-opened for re-sentencing. State v.Courtney, Hocking App. No. 06CA18, 2007-Ohio-1165, at]}12; State v.Scuba, Geauga App. No. 2006-G-2713, 2006-Ohio-6203, at]}19; State v.Carter, Clinton App. No. CA2006-03-010, 2006-Ohio-4205, at 1J1J5-7. Appellant's original conviction was not appealed and, even if it had been, that appeal would have run its course in the five years between his conviction and Foster. Therefore, Foster has no application here.
 {¶ 6} For these reasons, we conclude the trial court correctly overruled appellant's motion to vacate sentence. Accordingly, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court *Page 5 
dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Kline, J.: Concur in Judgment Opinion
[1] Apprendi was decided a year before appellant's conviction and sentence, and appellant could have raised that case on direct appeal, but failed to do so. The issue was not only waived, but is now affirmatively barred from being raised under the doctrine of res judicata. *Page 1