DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence. Thornton Taylor, defendant below and appellant herein, was found guilty of: (1) illegal manufacture of drugs in violation of R.C. 2925.04(A) (C)(2); (2) possession of criminal tools in violation of R.C. 2923.24(A) (C); (3) possession of drugs (crack cocaine) in violation of R.C. 2925.11(A) (C)(4)(b); (4) having a weapon under disability in violation of R.C. 2925.03(A) 
(C)(4)(c); and (5) drug trafficking in the vicinity of a school in violation of R.C. 2925.03(A)(1) (C) (4)(d). *Page 2 
 {¶ 2} Appellant assigns the following errors for review:
 FIRST ASSIGNMENT OF ERROR:
 "THE JURY VERDICT ON THE ILLEGAL MANUFACTURE OF DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE DENYING APPELLANT DUE PROCESS OF LAW." (Italics omitted.)
 SECOND ASSIGNMENT OF ERROR:
 "THE JURY VERDICT ON POSSESSING CRIMINAL TOOLS WAS AGAINST THE WEIGHT OF THE EVIDENCE DENYING APPELLANT DUE PROCESS OF LAW." (Italics omitted.)
 THIRD ASSIGNMENT OF ERROR:
 "THE JURY VERDICT ON POSSESSION OF COCAINE WAS AGAINST THE WEIGHT OF THE EVIDENCE DENYING APPELLANT DUE PROCESS OF LAW." (Italics omitted.)
 FOURTH ASSIGNMENT OF ERROR:
 "THE JURY VERDICT ON HAVING WEAPONS UNDER DISABILITY WAS AGAINST THE WEIGHT OF THE EVIDENCE DENYING APPELLANT DUE PROCESS OF LAW." (Italics omitted.)
 FIFTH ASSIGNMENT OF ERROR:
 "THE JURY VERDICT ON TRAFFICKING IN DRUGS WAS AGAINST THE WEIGHT OF THE EVIDENCE DENYING APPELLANT DUE PROCESS OF LAW." (Italics omitted.)
 {¶ 3} On November 30, 2006, Portsmouth Police received a complaint about a "crack house" at 1221 Franklin Avenue.[1] As they arrived at the house, one officer *Page 3 
recognized appellant as he hurried out of the house and into a jeep to drive away. Appellant was detained, as were people in the house, while authorities obtained and executed a search warrant. The search of the house yielded numerous baggies with crack cocaine residue, a microwave oven with cocaine residue, digital scales and several firearms.
 {¶ 4} Subsequently, the Scioto County Grand Jury returned an indictment charging appellant with the illegal manufacture of drugs, possession of criminal tools, possession of drugs, having a weapon under disability and trafficking in drugs. He pled not guilty to all five counts.
 {¶ 5} At the jury trial, various Portsmouth police officers testified about the contraband found in the "crack house." Rob Harris, the house's owner, testified that he met appellant seven years earlier when he bought crack cocaine. Harris related that he and appellant entered into an arrangement whereby appellant would sell drugs from his home and, in exchange, sold Harris $100 "eight balls" which Harris would then parcel out and sell to others.[2] Anything above the $100 price was profit for Harris to keep. Harris also testified that he observed appellant "cook" cocaine in the microwave and that several of the weapons in the home belonged to appellant.
 {¶ 6} Rob Harris' sister, Elaine Harris, testified that appellant frequently "fronted" her with drugs to sell for him and that she also witnessed appellant "cook" cocaine at her brother's home.
 {¶ 7} The jury found appellant guilty on all counts. The trial court sentenced *Page 4 
appellant to serve five years in prison for the illegal manufacture of drugs, six months for the possession of criminal tools, twelve months for the possession of drugs, three years for having a weapon under disability and four years for trafficking. Except for the trafficking and possession sentences, which the court ordered to be served concurrently with each other, the court ordered the sentences to be served consecutively for a total of twelve and a half (12½) years imprisonment. This appeal followed.
 I {¶ 8} Before we address the individual assignments of error on their merits, we first set forth the applicable standard of review. Appellant challenges his convictions as against the weight of the evidence. When an appellate court reviews a claim that a verdict is against the manifest weight of the evidence, the conviction may not be reversed unless the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Earle (1997), 120 Ohio App.3d 457,473, 698 N.E.2d 440; State v. Garrow (1995), 103 Ohio App.3d 368,370-371, 659 N.E.2d 814; State v. Davis (1988), 49 Ohio App.3d 109, 113,550 N.E.2d 966. Because the gist of the assignments of error challenge the credibility of prosecution witnesses, we also point out that the weight of the evidence and credibility of witnesses are issues to be decided by the trier of fact. State v. Dye (1998), 82 Ohio St.3d 323,329, 695 N.E.2d 763; State v. Ballew (1996), 76 Ohio St.3d 244, 249,667 N.E.2d 369; State v. Williams (1995), 73 Ohio St.3d 153, 165,652 N.E.2d 721. A trier of fact is free to believe all, part or none of the testimony of each witness. State v. Nichols (1993), 85 Ohio App.3d 65,76, 619 N.E.2d 80; State v. Caldwell (1992), 79 Ohio App.3d 667, 679,607 N.E.2d 1096; State v. Harriston *Page 5 
(1989), 63 Ohio App.3d 58, 63, 577 N.E.2d 1144.
 {¶ 9} A jury is also in the best position to view witnesses and to observe their demeanor, gestures and voice inflections, and to use those observations to weigh witness credibility. See Myers v. Garson (1993),66 Ohio St.3d 610, 615, 614 N.E.2d 742; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273. Obviously, a reviewing court cannot glean those observations from the pages of a transcript. Accordingly, appellate courts are circumspect about second guessing issues of weight and credibility. See State v. Vance, Athens App. No. 03CA27, 2004-Ohio-5370, at]}10; State v. Bowers, Hocking App. No. 06CA7, 2007-Ohio-3986, at 1J40. With these principles in mind, we turn our attention to the individual assignments of error.II
 {¶ 10} Appellant's first assignment of error asserts that his conviction for illegal manufacture of drugs is against the manifest weight of the evidence. We disagree.
 {¶ 11} R.C. 2925.04(A) provides that no person shall knowingly "manufacture or otherwise engage in any part of the production of a controlled substance." Rob Harris and Elaine Harris both testified that they observed appellant "cook" cocaine in a microwave prior to selling it. Although the record does not specifically detail what function microwave "cooking" plays in manufacture of cocaine or crack cocaine, the testimony established that this act was completed prior to the sale of the drug thereby indicating that the activity is, in fact, "part of the production" of the drug. Ample, competent and credible evidence adduced at trial supports a R.C. 2925.04 violation.
 {¶ 12} Appellant counters that Robert and Elaine Harris are both admitted crack addicts and acknowledge using the drug. However, their past or present drug use, and whether that activity taints their trial testimony, is a question for the jury to decide. The *Page 6 
jury obviously found their testimony credible and we will not second-guess that conclusion.
 {¶ 13} Accordingly, we hereby overrule appellant's first assignment of error.
 III {¶ 14} Appellant's second assignment of error asserts that his conviction for possession of criminal tools is also against the manifest weight of the evidence. Again, we disagree.
 {¶ 15} R.C. 2923.24(A) prohibits the possession of any device or instrument "with purpose to use it criminally." Several Portsmouth police officers testified that a microwave oven and the digital scales found in the residence were used to "cook" cocaine and to measure it for sale. Rob and Elaine Harris identified appellant as the person responsible for the manufacture and sale of drugs from that residence. This evidence establishes a possession criminal tools violation.
 {¶ 16} Once again, appellant points out that the only evidence that links those tools to him is the testimony of admitted drug addicts. Appellant further points out that the lack of physical evidence (e.g. finger prints) that connect him to those devices. We are not persuaded, however, that these issues renders the guilty verdicts suspect.
 {¶ 17} The credibility of the Harris siblings, as mentioned above, is a question for the trier of fact. The jury found them to be credible and we are not persuaded that it "lost its way" in so finding. As for the lack of physical evidence to corroborate their testimony, appellant cites no authority that physical evidence is necessary to establish a violation of a criminal statute. Indeed, the weight of authority is to the contrary. See e.g. State v. Wright, columbiana App. No. 97CO35,2007-Ohio-1548, at]}23 (defendant *Page 7 
can be convicted solely on basis of the victim's uncorroborated testimony); State v. Galloway, Lucas App. No. L-05-1157, 2006-Ohio-3051, at ¶¶ 20-23 (conviction upheld despite uncorroborated testimony of "admitted liar who cut a deal with the state").
 {¶ 18} Thus, we are not persuaded that the jury went astray by believing the testimony of Rob and Elaine Harris or in finding appellant guilty solely on the basis of that testimony.
 {¶ 19} Accordingly, we hereby overrule appellant's second assignment of error.
 IV {¶ 20} We jointly consider appellant's third and fifth assignments of error wherein appellant asserts that the verdicts finding him guilty of possession and trafficking are both against the manifest weight of the evidence. R.C. 2925.11(A) prohibits the knowing possession of a controlled substance and R.C. 2925.03(A)(1) (C)(4)(d) prohibits the knowing sale of controlled substances in the vicinity of a school. The uncontroverted evidence adduced at trial showed that appellant used the Harris home as a "crack house" where he manufactured drugs to sell.[3]
 {¶ 21} Appellant again counters that the testimony of the Harris siblings is suspect. However, as we noted above, that is a question for the jury. Appellant also points out that no fingerprints were found on used baggies of crack or the microwave to link appellant to the drug residue found in the "crack house." However, as noted in our resolution of appellant's second assignment of error, corroborating physical evidence is not necessary to establish a violation on these charges. The testimony of Rob and *Page 8 
Elaine Harris, if believed, is sufficient.
 {¶ 22} Accordingly, we hereby overrule appellant's third and fifth assignments of error.
 V {¶ 23} We now turn to appellant's fourth assignment of error wherein appellant asserts that his conviction for having a weapon under disability is also against the manifest weight of the evidence. Here again, we disagree.
 {¶ 24} R.C. 2923.13(A)(3) prohibits anyone from having a firearm if they have previously been convicted of a drug offense. The evidence adduced at trial reveals appellant's prior conviction and the Harris siblings both testified that appellant had a gun, or guns, with him. Appellant again claims that the testimony is not credible. As we stated previously, however, this issue is a matter for the trier of fact to decide and the jury obviously opted to believe the testimony of the Harris siblings. Appellant also points out that no fingerprints or other evidence linked him to those weapons but, again, physical evidence is not a necessary requirement for the jury to find that a violation has occurred.
 {¶ 25} Accordingly, for these reasons, we hereby overrule appellant's fourth assignment of error.
 {¶ 26} Having reviewed all errors assigned and argued in the brief, and finding merit in none, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed. *Page 9 
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McFarland, P.J. Harsha, J.: Concur in Judgment Opinion
[1] The testimony generally defined a "crack house" as a place where people could buy "crack" cocaine and consume it on the premises before leaving. Numerous opened baggies with crack residue were found throughout this residence.
[2] Harris defined an "eight ball" as a baggie containing 2.5 grams of cocaine.
[3] We note that Officer Dawes testified that the Harris residence is 780 feet from "Highland Head Start." *Page 1