[Cite as *State v. Taylor*, 2010-Ohio-6580.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 10CA3339 |
| vs. | : | |
| THORNTON TAYLOR, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

APPELLANT PRO SE:          Thornton H. Taylor, 11781 State Route 762, P.O. Box
                          209, Orient, Ohio, 43146,

COUNSEL FOR APPELLEE:      Mark E. Kuhn, Scioto County Prosecuting Attorney,
                          and Julie Cooke Hutchinson, Scioto County Assistant
                          Prosecuting Attorney, 602 Seventh Street, Room 310,
                          Portsmouth, Ohio 45662

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-28-10

ABELE, J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment

that overruled a number of motions filed by Thornton, Taylor, defendant below and

appellant herein. The following errors are assigned for our review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE TRIAL COURT ABUSED IS [sic] DISCRETION AND
> ERRED IN OVERRULING DEFENDANT'S MOTION FOR
> LEAVE TO FILE A MOTION FOR A NEW TRIAL WHEN
> THERE WAS INFORMATION SET FORTH AS CAUSE

FOR BEING OUTSIDE TIME LIMITS."
SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT PROPERLY
REVIEWING THE STATUTES AND APPLYING PROPER
LEGAL ANALYSIS TO THE PROPOSED MOTION FOR
LEAVE TO FILE FOR A NEW TRIAL."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY NOT PREPARING A
SEPARATE FINDINGS OF FACTS AND CONCLUSIONS
OF LAW AS REQUESTED BY THE DEFENDANT."

FOURTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY DECIDING RATHER TO
GRANT OR DENY DEFENDANTS' [sic] MOTION FOR
LEAVE TO FILE FOR A NEW TRIAL BASED ON A
CLAIMED PROCEDURAL DEFICIENCY RATHER THAN
ON THE MERITS OF THE ERRORS PRESENTED."

FIFTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED BY DECIDING RATHER TO
GRANT OR DENY DEFENDANTS' [sic] MOTION TO
CORRECT SENTENCE BASED ON A CLAIMED
PROCEDURAL DEFICIENCY RATHER THAN ON THE
MERITS OF THE ERRORS PRESENTED."

SIXTH ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AND IMPROPERLY DENIED
THE DEFENDANT'S REQUEST FOR A FRANKS
HEARING."

{¶ 2} In 2007, appellant was convicted of: (1) illegal manufacture of drugs in violation of R.C. 2925.04(A)&(C);(2) possession of criminal tools in violation of R.C. 2923.24(A) & (C); (3) possession of drugs (crack) in violation of R.C. 2925.11(A) & (C)(4)(b); (4) having a weapon while under a disability in violation of R.C. 2925.03(A)&(C)(4)(c); and (5) drug trafficking in the vicinity of a school in violation of

R.C. 2925.03(A)(1)&(C)(4)(d).   Appellant received sentence of twelve and a half (12½) years in prison.   We affirmed his conviction.   See State v. Thornton, Scioto App. No. 07CA3147, 2007-Ohio-7174.

{¶ 3}   Appellant commenced the instant proceedings on April 4, 2008, with a motion to "correct sentence."   Thereafter, appellant filed a a flurry of other motions including one for a new trial, a "Franks Hearing" and a request for findings of fact and conclusions of law.   The prosecution responded with several memoranda contra.

{¶ 4}   On February 1, 2010, the trial court overruled all of appellant's outstanding (eight) motions.   Most of the motions were overruled on grounds they "should have been filed in his appeal."   As for the motions for new trial and "Franks" hearing, the court concluded that they were filed out of rule.   This appeal followed.

I

{¶ 5}   We jointly consider appellant's first, second and fourth assignments of error because they challenge the trial court's denial of his motion for leave to file a motion for new trial.   As noted previously, appellant's motion for new trial is based on the existence of "newly discovered evidence." See Crim.R. 33(A)(6).   The Rules of Criminal Procedure require that such a motion be filed within one hundred and twenty days after the jury verdict. Id. at (B).   Appellant was convicted in March 2007. Appellant, however, did not file a motion for new trial until June 16, 2009.   Ten days later, he filed a motion for leave.     Clearly, appellant filed his motion beyond the rule's deadline.

{¶ 6}   We recognize that a motion may be filed out of rule if, by clear and

convincing proof, a movant shows that he was unavoidably prevented from discovering the new evidence within that time frame. Id.   Furthermore, the decision to grant leave to file a motion for new trial out of rule rests in the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. State v. Pinkerman (1993), 88 Ohio App.3d 158, 160, 623 N.E.2d 643; State v. Golden, Franklin App. No. 09AP-1004, 2010-Ohio- 4438, at ¶11; State v. Franklin, Mahoning App. No. 09 MA 96, 2010-Ohio-4317, at ¶15.   The phrase "abuse of discretion" means more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. See State v. Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Clark (1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331.   In reviewing for an abuse of discretion, appellate courts must not substitute their judgment for that of the trial court.   See State ex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re Jane Doe 1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 7}   A review of appellant's motion reveals that appellant did not argue the existence of "newly discovered" evidence but, rather, put forth a different argument on evidence that already existed and was introduced at trial.   Appellant argues, albeit without any proof of his own, that the prosecution improperly tested drug residue that was used against him.   Even if we assume arguendo that this may be true, that particular evidence existed at the time of the trial and is not "newly discovered." Further, although appellant claims that he could not discover this "new evidence" until he received a copy of the trial transcript, both he and defense counsel were present at trial to hear the testimony.

{¶ 8}  Simply put, appellant did not establish either the existence of newly discovered evidence nor a convincing argument that he had been unable to discover any flaw in the analysis of evidence introduced at trial.   Therefore, we find no abuse of discretion in the trial court's judgment to deny him leave to file a new trial motion out of rule.   Accordingly, we overrule appellant's first, second and fourth assignments of error.

II

{¶ 9}  Appellant asserts in his third assignment of error that the trial court erred by overruling his Civ.R. 52 request for findings of fact and conclusions that he filed in anticipation of the court's ruling on his various motions.

{¶ 10} Many courts have long held that Civ.R. 52 does not apply to criminal cases.   Also, no comparable criminal rule applies to criminal cases.   See State v. Collins (Sep. 22, 1995), Athens App. No. 94CA1639; State v. Weakland (Oct. 17, 1974), Cuyahoga App. Nos. 33116 & 3354.   Thus, the court did not err by overruling appellant's request and we overrule appellant's third

{¶ 11} assignment of error.

III

{¶ 12} Appellant's fifth assignment of error asserts that the trial court erred by overruling his motion "to correct" (reduce) his sentence.   Once again, we disagree.

{¶ 13} The two bases appellant asserts for the reduction are (1) because the verdicts failed to set out the degree of the defense he could only be sentenced to the least degree of the offense pursuant to State v. Pelfrey, 112 Ohio St.3d 422, 2007- Ohio-256, 860 N.E.2d 735, at the syllabus, and (2) the "reformed [federal

sentencing] guidelines . . . [s]ubstantially reduced" his sentence pursuant to Kimbrough v. United States (2007), 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481.

{¶ 14} Pelfrey was decided on February 7, 2007.  This predates appellant's final judgment of sentence (March 23, 2007).  Moreover, even if it had not, the Ohio Supreme Court made it clear that its decision did not make "new" law, but simply applied R.C. 2945.75 as the Ohio General Assembly had expressly written it.  Any failure of the jury verdicts to comply with the statute, or any reduction of sentence pursuant to Pelfrey, should have been raised on direct appeal.  The issue is now barred from being considered at this late date.  See e.g. State v. Turrentine, Allen App. No. 1-10-40, 2010-Ohio-4826, at ¶9; State v. Goldick, Montgomery App. No. 23690, 2010-Ohio-4394, at ¶24; State v. Hill, Washington App. No. 06CA63, 2007-Ohio-5360, at ¶5.

{¶ 15} As for appellant's reliance on Kimbrough, we believe that he has misinterpreted the issue.  The Kimbrough trial judge departed from federal guidelines that imposed harsher sentences for crack-cocaine than powder-cocaine.  The Fourth Circuit vacated the sentence, but was subsequently reversed by the United States Supreme Court.  Although the Court discussed the controversy surrounding the decision to impose higher penalties for crack rather the powder, the Court ruled, based on United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, that federal sentencing guidelines were advisory only and the federal district court did not err in departing from them.  552 U.S. at 110-11.

{¶ 16} Whatever reliance appellant places on dicta from that case, we believe that his reliance is misguided.  Kimbrough simply does not affect his sentences in the

case sub judice.   As noted by our Ninth District colleagues, Kimbrough neither vacated the federal sentencing guidelines nor did it create any new state or federal rights. State v. Smith, 180 Ohio App.3d 684, 906 N.E.2d 1191, 2009-Ohio- 335 at ¶¶11-13; State v. Horne, Summit App. No. 24271, 2008-Ohio- 6932, at ¶10.   The Sixth District has come to the same conclusion.   See State v. Jackson, Lucas App. No. L-08-1098, 2008-Ohio-3700, at ¶¶10-11.   This comports with our reading of the case as well, and we thus conclude that Kimbrough provides no authority for reducing appellant's sentence.

{¶ 17}  Furthermore, even though Kimbrough was decided after appellant's conviction and sentence, the issue of disparity in sentencing between crack and powder cocaine has been argued for quite some time.   Appellant could, but did not, raise this issue on direct appeal.   For all these reasons, we overrule appellant's fifth assignment of error.

IV

{¶ 18}  In his sixth assignment of error, appellant asserts that the trial court erred by denying him a hearing pursuant to Franks v. Delaware (1978) 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667.   This argument is also devoid of merit.

{¶ 19}  The gist of Franks is that if a credible challenge is made to the veracity of an affidavit used to secure a search warrant, a hearing must be afforded the defendant to allow him to proffer evidence to show that the information in the affidavits were intentionally or recklessly false.   Nothing the Supreme Court's decision, however, suggests that a "Franks Hearing" can be held anytime, let alone years after conviction and affirmance on appeal.

{¶ 20} Indeed, a "Franks Hearing" is typically conducted in conjunction with a motion to suppress evidence.   See e.g. State v. Roberts (1980), 62 Ohio St.2d 170, 177, 405 N.E.2d 247; also see e.g. State v. Gales (2001), 143 Ohio App.3d 55, 60, 757 N.E.2d 390; State v. Harrington, Hamilton App. Nos. C-0800547 & C-0800548, 209-Ohio-5576 at ¶¶6-10.   A motion to suppress evidence must be made prior to trial. See Crim.R. 12(C)(3).   A trial court may not re-open proceedings years after a conviction to hold a hearing of this sort.   Moreover, for the same reasons as noted earlier, any attempt to challenge the issue of the veracity of a search warrant affidavit is also barred by the doctrine of res judicata.   Thus, the trial court correctly denied appellant's motion.   Therefore, we hereby overrule appellant's sixth assignment of error.

{¶ 21} Having considered all the errors appellant assigned and argued in his brief, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the

Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.