DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Donyale Robinson, appeals from his sentence entered in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On May 13, 2005, the Summit County Grand Jury indicted Appellant on (1) one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a second-degree felony; (2) one count of possession of cocaine, in violation of R.C. 2925.11(A), a second-degree felony; (3) one count of possession of cocaine, a violation of R.C. 2925.11(A), a fourth-degree felony; (4) one count of possession of marijuana, in violation of R.C.2925.11(A), a minor misdemeanor; (5) one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a fifth-degree felony; (6) one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a third-degree felony; (7) and one count of resisting arrest, in violation of R.C. 2921.33(A), a second-degree misdemeanor. Appellant pled not guilty to all of the charges. Additional charges were brought against Appellant in the Summit County Court of Common Pleas, and this case was assigned to Judge Shapiro.[1]
 {¶ 3} Thereafter, Appellant retracted his not guilty plea. Pursuant to plea negotiations, Appellant pled guilty to all the charges except the possession of marijuana charge, which the court dismissed. The trafficking in cocaine charge was amended to a third-degree felony, and second-degree possession of cocaine charge was also amended to a third-degree felony. The court found Appellant guilty.
 {¶ 4} The court sentenced Appellant to a total prison term of six years. The sentence included a three-year prison term for trafficking in cocaine, and three years for the third-degree possession of cocaine charge, to be served consecutively. In addition, the court sentenced Appellant to one year for the other possession of cocaine count, one year for the aggravated possession of drugs, one year for tampering with evidence, and 90 days for resisting arrest, to be served concurrently with each other and concurrently with the sentences for the other cocaine trafficking and possession sentences. Finally, the court ordered that all of the sentences in the instant case run concurrently to the sentence that would be imposed in the case before Judge Shapiro. This appeal followed.
 {¶ 5} Appellant timely appealed, asserting two assignments of error for review. Because both assignments of error assert the same legal and factual basis, we address them together.
 II. First Assignment of Error
"THE FAILURE OF THE PROSECUTION TO HONOR A PLEA AGREEMENT AT THE SENTENCING HEARING PURSUANT TO CRIM[.] R. 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE RESULTED IN THE IMPOSITION OF A GREATER SENTENCE THAN THE AGREEMENT ON WHICH THE APPELLANT HAD JUSTIFIABLY RELIED IN WAIVING HIS RIGHT TO A JURY TRIAL."
 Second Assignment of Error
"THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES BECAUSE THE TRIAL COURT EXPLICITLY AGREED TO HONOR THE PLEA AGREEMENT AFTER MR. ROBINSON WAIVED HIS RIGHT TO A JURY TRIAL, BUT THEN IMPOSED A SENTENCE OUTSIDE OF THE PLEA AGREEMENT AT THE SENTENCING HEARING."
 {¶ 6} In his assignments of error, Appellant contends that the trial court failed to comply with the plea agreement.
 {¶ 7} Appellant maintains that the plea agreement terms were stated on the record in open court at the plea hearing pursuant to Crim.R. 11(F). However, our review of the record reveals that Appellant failed to include a certified copy of the transcript of the plea hearing part of the record on appeal. The transcript of the docket and journal entries does not reflect that the transcript of the plea hearing was filed in the trial court. See App.R. 9(A). While the docketing statement states that the record will include a full or partial transcript of the proceedings, in his praecipe to the official court reporter, Appellant only requested a transcript of the sentencing transcript. See App.R. 9(A)-(B). Appellant has attached an uncertified copy of the transcript to his appellate brief as Tab Two to the Appendix. However, this is an improper way of bringing the transcript before this Court. Therefore, we strike this copy of the plea hearing transcript from Appellant's brief.
 {¶ 8} An appellant bears the burden of supplying those portions of the record that demonstrate the error on appeal.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. Without the transcript of the plea hearing, this Court cannot ascertain the actual terms of the plea agreement and thus cannot ultimately determine whether the agreement was in fact breached. Therefore, we must presume the validity of the trial court's proceedings on this matter.
 {¶ 9} Furthermore, upon a full review of the record before this Court, we do not find anything that suggests that the court did not follow the plea agreement. The only reference in the record to the agreement is one made by the prosecuting attorney during the sentencing hearing. Specifically, the prosecutor stated that he recommended that the sentence in the instant case run concurrently with the sentence arising out of the case before Judge Shapiro. The trial court did follow this recommendation.
 {¶ 10} Based upon the foregoing, we cannot find any merit in Appellant's assignments of error. Appellant's first and second assignments of error are overruled.
 III. {¶ 11} Appellant's first and second assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Reader, J. Milligan, J. concur.
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Milligan, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Case no. CR 03 04 1203.