DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, which denied appellant's R.C. 2953.21 motion for postconviction relief. For the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Anthony Jackson, sets forth the following sole assignment of error: *Page 2 
 {¶ 3} "I. The trial court errored [sic] when it granted summary judgment to the State of Ohio without first determining whether or not the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for releif [sic]."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On July 21, 2005, appellant pled no contest to one count of possession of crack cocaine in violation of R.C. 2915.11(A), a felony of the first degree. In exchange for the plea to the possession charge, one count of trafficking in cocaine in violation of R.C. 2925.03(A) (2), a felony of the first degree, was dismissed. Specifications that appellant was a major drug offender were also dismissed pursuant to the negotiated plea agreement.
 {¶ 5} On August 2, 2005, appellant was sentenced to four years incarceration for his crack cocaine possession conviction, the shortest mandatory term for the offense.
 {¶ 6} On February 23, 2006, appellant filed his first motion for postconviction relief. In support, appellant alleged that he had been deprived of the effective assistance of counsel and that his sentence was in violation of State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. On May 11, 2006, appellee filed a motion for summary judgment and dismissal of appellant's motion. On July 7, 2006, appellant filed a brief in opposition. On July 20, 2006, the trial court granted summary judgment to appellee and dismissed appellant's petition for postconviction relief.
 {¶ 7} On March 3, 2008, appellant filed his second motion for postconviction relief. In support, appellant relied upon and specifically excerpted a portion of the *Page 3 
syllabus of the 2007 United States Supreme Court case of Kimbrough v.United States (2007), 128 S. Ct. 558. The excerpted portion ofKimbrough discusses, in relevant part, concerns that the federal cocaine sentencing guidelines could result in a shorter term of incarceration for a major trafficker of powder cocaine than for a minor trafficker in crack cocaine.
 {¶ 8} On March 13, 2008, appellee filed a motion for summary judgment and dismissal of appellant's second motion for postconviction relief. In support, appellee argued that Kimbrough provides no valid basis for appellant to retroactively challenge his sentence. On March 21, 2008, the trial court granted summary judgment to appellee and dismissed appellant's second motion for postconviction relief. In support of its decision, the trial court held that Kimbrough had no retroactive application on either a federal or state law basis to appellant's case. The court also based its decision on the doctrine of res judicata given its previous denial of appellant's previous motion for postconviction relief in the same case. Timely notice of appeal was filed.
 {¶ 9} In his assignment of error, appellant argues that the trial court erred in granting summary judgment to appellee. Our review of appellant's summary judgment challenge is conducted pursuant to a de novo standard of review. In order to warrant the granting of summary judgment to the moving party, we must find that there is no genuine issue of material fact remaining in dispute and that reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. *Page 4 
 {¶ 10} We have carefully reviewed and considered the arguments presented and the record of evidence in this matter. We find that appellant's reliance upon Kimbrough and reports referenced in theKimbrough ruling is misplaced. While Kimbrough contains general discussions of concerns about disparity in sentencing of powder cocaine versus crack cocaine sentences at the federal level, it did not alter federal or state sentencing guidelines or statutes.
 {¶ 11} The 2007 federal ruling in Kimbrough does not apply to appellant's sentencing. Appellant's case was not pending on direct appeal at the time of Kimbrough. More importantly, Kimbrough did not modify or alter federal crack cocaine sentencing. As such, it does not mandate modification of appellant's sentence regardless of retroactive versus prospective application arguments. In addition, we concur with the trial court finding that appellant's second motion for postconviction relief is barred and fails under the doctrine of res judicata given the 2006 denial of a motion for postconviction relief by appellant challenging the same sentence that is the subject of the instant case. Appellant's assignment of error is found not well-taken.
 {¶ 12} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1