DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Donyale Robinson, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On May 13, 2005, Appellant, Donyale Robinson, was indicted on the following charges: (1) one count of trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2), a second-degree felony; (2) one count of possession of cocaine, in violation of R.C. 2925.11(A), a second-degree felony; (3) one count of possession of powder cocaine, a violation of R.C. 2925.11(A), a fourth-degree felony; (4) one count of possession of marijuana, in violation of R.C. 2925.11(A), a minor misdemeanor; (5) one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a fifth-degree felony; (6) one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a third-degree felony; (7) and one count of resisting arrest, in violation of R.C. 2921.33(A), a second-degree misdemeanor. *Page 2 
 {¶ 3} Thereafter, Robinson pled guilty to all charges except the possession of marijuana charge, which was dismissed. The trafficking in cocaine charge was amended to a third-degree felony, and the second-degree possession of cocaine charge was also amended to a third-degree felony. Robinson was sentenced to a total prison term of six years. The sentence included a three-year prison term for trafficking in cocaine, and three years for the third-degree possession of cocaine charge, to be served consecutively. In addition, the court sentenced Robinson to one year for the other possession of cocaine count, one year for the aggravated possession of drugs, one year for tampering with evidence, and 90 days for resisting arrest. Robinson timely appealed his convictions. This Court affirmed his convictions. See State v. Robinson, 9th Dist. No. 22941, 2006-Ohio-2283.
 {¶ 4} On March 28, 2008, Robinson filed a motion for resentencing. The trial court treated the motion as a petition for post-conviction relief ("PCR"). In his motion, Robinson asserted that the disparity in Ohio's sentencing for crack versus powder cocaine violated the Equal Protection Clause. Robinson's motion relied on Kimbrough v. U.S. (2007),128 S.Ct. 558. Robinson also argued that he was sentenced for offenses of similar import. On April 24, 2008, the trial court denied the motion as untimely. Robinson timely appealed from the trial court's order, asserting two assignments of error for review. We have combined Robinson's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN REFUSING TO RESENTENCE [ROBINSON] MUST BE [SIC] RE-SENTENCED PURSUANT TO THE HOLDINGS OF KIMBROUGH V. UNITED STATES, WHICH RECOGNIZES THAT THERE IS NO LOGICAL OR LEGAL BASIS FOR THE DISPARITY OF SENTENCING BETWEEN CRACK AND POWDER COCAINE OFFENSES." *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN REFUSING TO RESENTENCE [ROBINSON] FOR THE CRIMINAL OFFENSES OF POSSESSING COCAINE AND TRAFFICKING COCAINE, BECAUSE THE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT. FURTHERMORE [ROBINSON] WAS GIVEN CONSECUTIVE SENTENCES FOR THE TWO OFFENSES STEMMING FROM ONE INCIDENT; THEREBY VIOLATING HIS CONSTITUTIONAL RIGHT TO BE FREE FROM DOUBLE JEOPARDY WITH RESPECT TO HIS CONVICTION AND HIS SENTENCE."
 {¶ 5} In his first assignment of error, Robinson contends that the trial court erred in refusing to resentence him pursuant toKimbrough v. U.S. In his second assignment of error, Robinson contends that the trial court erred in refusing to resentence him for the criminal offenses of possessing and trafficking cocaine because the offenses are allied offenses of similar import. Further, Robinson asserts that the consecutive sentences for the two offenses which stemmed from one incident violated his right to be free from double jeopardy with respect to his conviction and sentence. We disagree with both assignments of error.
 {¶ 6} A motion asserting that a conviction is void or voidable under the federal or Ohio constitutions constitutes a petition for PCR. R.C. 2953.21(A)(1)(a). Because Robinson's motion concerned the constitutionality of the statute under which he was sentenced, his motion must be treated as a petition for PCR.
 {¶ 7} An appellate court reviews the denial of a petition for PCR for an abuse of discretion. State v. Stallings, 9th Dist. No. 21969,2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Pursuant to R.C. 2953.21(A)(2), a petition for PCR must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction *Page 4 
and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App. R. 3(A) 4(A).
 {¶ 9} Here, the trial transcript from Robinson's direct appeal was filed on December 2, 2005. His petition for PCR was filed on March 28, 2008, more than two years after the trial transcript was filed. Consequently, his petition was clearly untimely.
 {¶ 10} R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} In his first assignment of error, Robinson, relying onKimbrough, asserts that Ohio courts "must [] correct an injustice" by resentencing crack cocaine offenders who were unjustly sentenced to more severe sentences than powder cocaine offenders. We find no merit in this contention. While the Supreme Court in Kimbrough discussed "concerns about disparity in sentencing of powder cocaine versus crack cocaine at the federal level, it did not alter federal or state sentencing guidelines or statutes." State v. Jackson, 6th Dist. No. L-08-1098,2008-Ohio-3700, at ¶ 10. Accordingly, the Supreme Court's 2007 holding in Kimbrough does not apply to Robinson's sentencing. Robinson's case was not pending on direct appeal at the time Kimbrough *Page 5 
was released. "More importantly, Kimbrough did not modify or alter federal crack cocaine sentencing. As such, it does not mandate modification of [Robinson's] sentence regardless of retroactive versus prospective application arguments." Id. at ¶ 11. Rather, the Supreme Court held that pursuant to United States v. Booker, 543 U.S. 220, the cocaine guidelines, like all other guidelines, are advisory only.Kimbrough, supra, at 560. The Supreme Court found that the Fourth Circuit erred in essentially making mandatory the disparity in sentencing between crack and powder cocaine sentences. Id. The Court determined that a district judge must include the sentencing guidelines range in the multitude of factors warranting consideration; it did not hold that the sentences were required to be the same. Id.
 {¶ 12} Robinson has failed to demonstrate that this case applies retroactively to his sentence. Indeed, he does not even assert thatKimbrough applies retroactively, rather, he only asserts that itshould apply retroactively. Further, Robinson cannot demonstrate that he was unavoidably prevented from discovering either (1) the fact that he was sentenced under statutes containing different sentences for crack cocaine than for powder cocaine or (2) that he was convicted of violations of both R.C. 2925.11(A) and R.C. 2925.03(A)(2).
 {¶ 13} Robinson has neither alleged nor demonstrated that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1)(b). Robinson did not have a trial; he was convicted pursuant to his guilty plea. Furthermore, he has not argued that he was wrongly convicted. Rather, his PCR petition dealt solely with sentencing.
 {¶ 14} Because the petitioner failed to meet any of the requirements under R.C. 2953.23, the trial court did not have jurisdiction to consider his untimely petition under this statute. See State v.Childs (Feb. 16, 2000), 9th Dist. No. 19757. Thus, we conclude that the trial court did *Page 6 
not abuse its discretion when it dismissed Robinson's petition as untimely. Robinson's assignments of error are not well taken.
 III. {¶ 15} Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
 Costs taxed to Appellant. *Page 7 
 CARR, P. J. SLABY, J. CONCUR *Page 1