DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Monte Pitts, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In January 17, 2001, Appellant, Monte Pitts, was indicted on several drug-related charges. Pitts' case proceeded to a jury trial. Pitts was convicted of possession of crack cocaine in an amount exceeding 100 grams, failure to comply with a signal or order of a police officer and possession of marijuana. Pitts was sentenced to 14 years of incarceration. Pitts timely appealed his convictions.
 {¶ 3} On November 20, 2002, this Court affirmed Pitts' conviction but reversed his sentence. He was resentenced on February 4, 2003. On March 28, 2008, Pitts filed a motion for resentencing. The trial court treated the motion as a petition for post-conviction relief ("PCR"). In his motion, Pitts asserted that the disparity in Ohio's sentencing for crack versus powder *Page 2 
cocaine violated the Equal Protection Clause. His motion relied onKimbrough v. U.S. (2007), 128 S.Ct. 558. On May 29, 2008, the trial court denied the motion as untimely. Pitts timely appealed from the trial court's order, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR "[PITTS'] MUST BE RE-SENTENCED PURSUANT TO THE HOLDINGS [SIC] OF KIMBROUGH V. UNITED STATES, WHICH RECOGNIZES THAT THERE IS NO LOGICAL OR LEGAL BASIS FOR THE DISPARITY OF SENTENCING BETWEEN CRACK AND POWDER COCAINE OFFENSES."
 {¶ 4} In his sole assignment of error, Pitts contends that the trial court erred in refusing to resentence him pursuant to Kimbrough v.U.S. We disagree.
 {¶ 5} A motion asserting that a conviction is void or voidable under the federal or Ohio constitution constitutes a petition for PCR. R.C. 2953.21(A)(1)(a). Because Pitts' motion concerned the constitutionality of the statute under which he was sentenced, his motion must be treated as a petition for PCR.
 {¶ 6} An appellate court reviews the denial of a petition for PCR for an abuse of discretion. State v. Stallings, 9th Dist. No. 21969,2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2), a petition for PCR must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App. R. 3(A) 4(A). *Page 3 
 {¶ 8} In its order denying Pitts' PCR petition as untimely, the trial court found that the operative date for determining when Pitts' petition was due was the date of his resentencing-February 4, 2003. The trial court erroneously relied on the date on which the trial court resentenced Pitts — not the date on which the trial transcript was filed in his direct appeal-March 12, 2002. See State v. O'Neal, 9th Dist. No. 08CA0028-M, 2008-Ohio-6572. While we disagree with the trial court's reasoning regarding the deadline for Pitts' PCR petition, as we further explain herein, we agree with its finding that the petition was untimely. See Co Le'Mon, L.L.C. v. Host Marriott Corp., 9th Dist. No. 05CA008797, 2006-Ohio-2685, at ¶ 17, quoting State ex rel. Carter v.Schotten (1994), 70 Ohio St.3d 89, 92 ("It is well established in Ohio that `a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof"). "The trial court's ultimate judgment in this case was correct, and it is the court's ultimate judgment we are affirming in this Opinion."Abdalla's Tavern v. Dept. Of Commerce, Div. Of State Fire Marshal, 7th Dist. No. 02 JE 34, 2003-Ohio-3295, at ¶ 83. Here, the trial transcript from Pitts' direct appeal was filed on March 12, 2002. His petition for PCR was filed on March 28, 2008, more than six years after the trial transcript was filed. Consequently, his petition was clearly untimely.
 {¶ 9} R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. *Page 4 
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} Pitts, relying on Kimbrough, asserts that Ohio courts "must [] correct an injustice" by resentencing crack cocaine offenders who were unjustly sentenced to more severe sentences than powder cocaine offenders. We find no merit in this contention. While the Supreme Court in Kimbrough discussed "concerns about disparity in sentencing of powder cocaine versus crack cocaine at the federal level, it did not alter federal or state sentencing guidelines or statutes." State v.Jackson, 6th Dist. No. L-08-1098, 2008-Ohio-3700, at ¶ 10. Accordingly, the Supreme Court's 2007 holding in Kimbrough does not apply to Pitts' sentencing. Pitts' case was not pending on direct appeal at the timeKimbrough was released. "More importantly, Kimbrough did not modify or alter federal crack cocaine sentencing. As such, it does not mandate modification of [Pitts'] sentence regardless of retroactive versus prospective application arguments." Id. at ¶ 11. Rather, the Supreme Court held that pursuant to United States v. Booker, 543 U.S. 220, the cocaine guidelines, like all other guidelines, are advisory only. The Supreme Court found that the Fourth Circuit erred in essentially treating as mandatory the disparity in sentencing between crack and powder cocaine sentences. The Court determined that a district judge must include the sentencing guidelines range in the multitude of factors warranting consideration; it did not hold that the sentences were required to be the same.
 {¶ 11} Pitts has failed to demonstrate that this case applies retroactively to his sentence. Indeed, he does not even assert thatKimbrough applies retroactively, rather, he only asserts that itshould apply retroactively. Further, Pitts cannot demonstrate that he was unavoidably prevented from discovering either (1) the fact that he was sentenced under statutes containing *Page 5 
different sentences for crack cocaine than for powder cocaine or (2) that he was convicted of a violation of R.C. 2925.11(A).
 {¶ 12} Pitts has neither alleged nor demonstrated that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1)(b).
 {¶ 13} Because the petitioner failed to meet any of the requirements under R.C. 2953.23, the trial court did not have jurisdiction to consider his untimely petition under this statute. See State v.Childs (Feb. 16, 2000), 9th Dist. No. 19757. Thus, we conclude that the trial court did not abuse its discretion when it dismissed Pitts' petition as untimely. Pitts' assignment of error is not well taken.
 III. {¶ 14} Pitts' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 6 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
DICKINSON, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1