DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Horne, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On July 15, 2004, Appellant, Michael Horne, was indicted on one count of possession of crack cocaine, in violation of R.C. 2925.11, a felony of the first degree. Horne's case proceeded to trial before a jury. On September 29, 2004, Horne was convicted of possession of cocaine. Horne was sentenced to five years of incarceration. Horne timely appealed his conviction. This Court affirmed his conviction. SeeState v. Jackson, 9th Dist. Nos. 22378, 22394, 2005-Ohio-5184.
 {¶ 3} On March 28, 2008, Horne filed a motion for resentencing. The trial court treated the motion as a petition for post-conviction relief ("PCR"). In his motion, Horne asserted that the disparity in Ohio's sentencing for crack versus powder cocaine violated the Equal Protection *Page 2 
Clause. Horne's motion relied on Kimbrough v. U.S. (2007),128 S.Ct. 558. On May 15, 2008, the trial court denied the motion as untimely. Horne timely appealed from the trial court's order, asserting one assignment of error for review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN REFUSING TO RESENTENCE [HORNE] PURSUANT TO THE HOLDINGS OF KIMBROUGH V. UNITED STATES, WHICH RECOGNIZES THAT THERE IS NO LOGICAL OR LEGAL BASIS FOR THE DISPARITY OF SENTENCING BETWEEN CRACK AND POWDER COCAINE OFFENSES."
 {¶ 4} In his sole assignment of error, Horne contends that the trial court erred in refusing to resentence him pursuant to Kimbrough v.U.S. We disagree.
 {¶ 5} A motion asserting that a conviction is void or voidable under the federal or Ohio constitutions constitutes a petition for PCR. R.C. 2953.21(A)(1)(a). Because Horne's motion concerned the constitutionality of the statute under which he was sentenced, his motion must be treated as a petition for PCR.
 {¶ 6} An appellate court reviews the denial of a petition for PCR for an abuse of discretion. State v. Stallings, 9th Dist. No. 21969,2004-Ohio-4571, at ¶ 5. An abuse of discretion is more than an error of judgment; rather it necessitates a finding that the trial court was unreasonable, arbitrary or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Pursuant to R.C. 2953.21(A)(2), a petition for PCR must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, 180 days after the expiration of the time to file an appeal. See App. R. 3(A) 4(A). *Page 3 
 {¶ 8} Here, the trial transcript from Horne's direct appeal was filed on March 24, 2005. His petition for PCR was filed on March 28, 2008, more than three years after the trial transcript was filed. Consequently, his petition was clearly untimely.
 {¶ 9} R.C. 2953.23(A) provides certain factors that, if present, would except a petition from the prescribed filing time. Pursuant to R.C. 2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
 "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 10} Horne, relying on Kimbrough, asserts that Ohio courts "must [] correct an injustice" by resentencing crack cocaine offenders who were unjustly sentenced to more severe sentences than powder cocaine offenders. We find no merit in this contention. While the Supreme Court in Kimbrough discussed "concerns about disparity in sentencing of powder cocaine versus crack cocaine at the federal level, it did not alter federal or state sentencing guidelines or statutes." State v.Jackson, 6th Dist. No. L-08-1098, 2008-Ohio-3700, at ¶ 10. Accordingly, the Supreme Court's 2007 holding in Kimbrough does not apply to Horne's sentencing. Horne's case was not pending on direct appeal at the timeKimbrough was released. "More importantly, Kimbrough did not modify or alter federal crack cocaine sentencing. As such, it does not mandate modification of [Horne's] sentence regardless of retroactive versus *Page 4 
prospective application arguments." Id. at ¶ 11. Rather, the Supreme Court held that pursuant to United States v. Booker, 543 U.S. 220, the cocaine guidelines, like all other guidelines, are advisory only. The Supreme Court found that the Fourth Circuit erred in essentially making mandatory the disparity in sentencing between crack and powder cocaine sentences. The Court determined that a district judge must include the sentencing guidelines range in the multitude of factors warranting consideration; it did not hold that the sentences were required to be the same.
 {¶ 11} Horne has failed to demonstrate that this case applies retroactively to his sentence. Indeed, he does not even assert thatKimbrough applies retroactively, rather, he only asserts that itshould apply retroactively. Further, Horne cannot demonstrate that he was unavoidably prevented from discovering either (1) the fact that he was sentenced under statutes containing different sentences for crack cocaine than for powder cocaine or (2) that he was convicted of a violation of R.C. 2925.11(A).
 {¶ 12} Horne has neither alleged nor demonstrated that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which the petitioner was convicted[.]" R.C. 2953.23(A)(1)(b). Horne has not argued that he was wrongly convicted. Rather, his PCR petition dealt solely with sentencing.
 {¶ 13} Because the petitioner failed to meet any of the requirements under R.C. 2953.23, the trial court did not have jurisdiction to consider his untimely petition under this statute. See State v.Childs (Feb. 16, 2000), 9th Dist. No. 19757. Thus, we conclude that the trial court did not abuse its discretion when it dismissed Horne's petition as untimely. Horne's assignment of error is not well taken. *Page 5 
 III. {¶ 14} Horne's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
CARR, P. J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to § 6(C), Article IV, Constitution.) *Page 1