The STATE of Ohio, Appellee,

v.

SMITH et al., Appellants.

[Cite as *State v. Smith,* 180 Ohio App.3d 684, 2009-Ohio-335.]

Court of Appeals of Ohio,
Ninth District, Summit County.

Nos. 24246 and 24247.

Decided Jan. 28, 2009.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

Jana DeLoach, for appellants.

SLABY, Judge.

{¶ 1} Defendants-appellants, Omondo Varner and Tony Smith, appeal the judgments of the Summit County Court of Common Pleas that denied their respective motions for resentencing. We affirm.

{¶ 2} On December 26, 2001, Smith and Varner were indicted on charges of possession of cocaine in violation of R.C. 2925.11(A), illegal manufacture of drugs in violation of R.C. 2925.04(A), having weapons while under a disability in violation of R.C. 2923.13(A)(2) and (3), and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Varner was also indicted on one charge of trafficking in cocaine in violation of R.C. 2925.03(A)(1), which was later dismissed. The case proceeded to jury trial with respect to both defendants, and both were found guilty. The trial court sentenced each to 18 years of incarceration. Both appealed, and this court affirmed their convictions. *State v. Smith,* 9th Dist. No. 21069, 2003-Ohio-1306, 2003 WL 1240403; *State v. Varner,* 9th Dist. No. 21056, 2003-Ohio-719, 2003 WL 357526.

{¶ 3} On March 15, 2006, Smith filed a pro se "petition to vacate or set aside void judgment pursuant to R.C. 2953.21," arguing that the decision of the Ohio Supreme Court in *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, rendered his sentence void. The trial court construed his petition as an untimely petition for postconviction relief and denied it on June 15, 2006. Smith appealed that judgment, but voluntarily dismissed the appeal soon after it was filed.

{¶ 4} On July 26, 2007, Smith and Varner each filed a pro se petition for postconviction relief. These petitions argued that the trial court had failed to advise the defendants of postrelease control at the time of sentencing and requested that the trial court correct their sentences. The state of Ohio responded to each petition by conceding error and, with respect to each, "submit[ted] that defendant is entitled to a new sentencing hearing on all offenses." The trial court scheduled resentencing hearings for each defendant, and both were conveyed to the Lorain Correctional Institution to await resentencing. Prior to the April 22, 2008 hearing, the defendants filed sentencing memoranda that elaborated on their postrelease-control claims and argued, for the first time, that the trial court was also required to resentence them pursuant to *Kimbrough v. United States* (2007), 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481.

{¶ 5} On April 14, 2008, this court released its decision in *State v. Price,* 9th Dist. No. 07CA0025, 2008-Ohio-1774, 2008 WL 1700341. Shortly thereafter, the

state withdrew its earlier responses and urged the trial court, in reliance on *Price*, to cancel the resentencing hearings and deny Smith's and Varner's petitions as untimely motions for postconviction relief. On May 6, 2008, with respect to each defendant, the trial court "denie[d] the Defendant's motion for resentencing." Smith and Varner timely appealed. Because Smith and Varner have assigned the same errors, their appeals have been consolidated for purposes of disposition. Their assignments of error are considered in reverse order.

## ASSIGNMENT OF ERROR II

The trial court erred in denying the [defendants'] request for resentencing based on the Supreme Court of Ohio's holdings in *State v. Bezak* (2007), 114 Ohio St.3d 94, [2007-Ohio-3250, 868 N.E.2d 961,] and *State v. Simpkins* (2008), 117 Ohio St.3d 420[, 2008-Ohio-1197, 884 N.E.2d 568].

{¶ 6} Smith's and Varner's second assignment of error is that the trial court erred by denying their motions for resentencing. They have argued that *Simpkins* entitled them to new sentencing hearings, but have not explained why this court should disregard *Price*, 2008-Ohio-1774, 2008 WL 1700341.

{¶ 7} In *Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, the Supreme Court of Ohio held that "[i]n cases in which a defendant is convicted of, or pleads guilty to, an offense for which postrelease control is required but not properly included in the sentence, the sentence is void, and the state is entitled to a new sentencing hearing to have postrelease control imposed on the defendant unless the defendant has completed his sentence." Id. at syllabus. In so holding, the court noted its unwillingness to apply the doctrine of res judicata to collateral attacks on void sentences. Id. at ¶ 30.

 {¶ 8} In *Price*, however, this court considered a different issue. In that case, the defendant filed a motion for resentencing after his direct appeal. The defendant's motion alleged that the trial court failed to advise him of his postrelease-control obligations at sentencing. This court concluded that his motion was properly classified as a petition for postconviction relief and was subject to the corresponding jurisdictional requirements:

A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by [the] court in order for the court to know the criteria by which the motion should be judged." *State v. Bush*, 96 Ohio St.3d 235, [2002-Ohio-3993, 773 N.E.2d 522,] ¶ 10. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in

R.C. 2953.21." *State v. Reynolds* [ (1997) ], 79 Ohio St.3d 158, 679 N.E.2d 1131, syllabus.

Despite its caption, Mr. Price's motion for resentencing meets the definition of a petition for postconviction relief under Section 2953.21(A)(1) of the Ohio Revised Code. Mr. Price filed it subsequent to his direct appeal, claimed a denial of his constitutional rights, asked for a vacation of his sentence, and sought recognition that the trial court's judgment is void. * * * Mr. Price's motion did not indicate that it was an application for a writ of habeas corpus under Section 2725.04 or meet the requirements of that section.

*Price,* 2008-Ohio-1774, 2008 WL 1700341, at ¶ 4–5. As in *Price,* Smith and Varner filed their motions after their direct appeals, claimed a denial of their constitutional rights, asked the trial court to vacate their sentences, and maintained that those sentences were void. Despite their caption, the motions are properly classified as petitions for postconviction relief. See id. at ¶ 5.

■ {¶ 9} Smith's and Varner's motions are therefore subject to the jurisdictional requirements of R.C. 2953.21(A)(2), which provides that a petition for postconviction relief must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.23(A)(1)(a) "prohibits the trial court from hearing an untimely or successive petition unless the petitioner 'was unavoidably prevented' from discovering the facts upon which he relies, or, after the 180 day time limit, 'the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation.'" *State v. Smith,* 9th Dist. Nos. 07CA009220 and 07CA009252, 2008-Ohio-3589, 2008 WL 2789270, ¶ 5, quoting R.C. 2953.23. See also *Price,* 2008-Ohio-1774, 2008 WL 1700341, at ¶ 6.

{¶ 10} The record in Smith's and Varner's direct appeals was filed on August 29, 2002. Their motions were filed almost five years later, well beyond the time limit set forth in R.C. 2953.21(A). In addition, Varner's motion was his second petition for postconviction relief. See R.C. 2953.23(A)(1)(a). Neither Smith nor Varner alleged that he was unavoidably prevented from discovering the facts upon which his petition relied, and the allegations in the petitions did not rest upon a right newly recognized by the United States Supreme Court. Consequently, the trial court lacked jurisdiction to consider the untimely and, with respect to Varner, successive, petitions. Smith's and Varner's second assignments of error are overruled.

## ASSIGNMENT OF ERROR I

The trial court erred in refusing to resentence the [defendants] must be resentenced [sic] pursuant to the holdings of *Kimbrough v. United States,* which

recognizes that there is no logical or legal basis for the disparity of sentencing between crack and powder cocaine offenses.

{¶ 11} Smith's and Varner's first assignments of error argue that the trial court was required to resentence them in response to the United States Supreme Court's opinion in *Kimbrough*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481. Smith and Varner raised these arguments for the first time in sentencing memoranda filed in the trial court on March 31, 2008. Assuming that this issue was presented to the trial court as an untimely petition for postconviction relief, we conclude that the jurisdictional requirements of R.C. 2953.21 were not satisfied.

{¶ 12} This court recently considered the implications of *Kimbrough* and concluded that the case did not recognize a new federal or state right that applies retroactively. *State v. Horne*, 9th Dist. No. 24271, 2008-Ohio-6932, 2008 WL 5412370. In *Horne*, we concluded as follows:

> Horne, relying on *Kimbrough*, asserts that Ohio courts "must [ ] correct an injustice" by resentencing crack cocaine offenders who were unjustly sentenced to more severe sentences than powder cocaine offenders. We find no merit in this contention. While the Supreme Court in *Kimbrough* discussed "concerns about disparity in sentencing of powder cocaine versus crack cocaine at the federal level, it did not alter federal or state sentencing guidelines or statutes." * * * Accordingly, the Supreme Court's 2007 holding in *Kimbrough* does not apply to Horne's sentencing. Horne's case was not pending on direct appeal at the time Kimbrough was released. "More importantly, *Kimbrough* did not modify or alter federal crack cocaine sentencing. As such, it does not mandate modification of [Horne's] sentence regardless of retroactive versus prospective application arguments." * * * Rather, the Supreme Court held that pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, the cocaine guidelines, like all other guidelines, are advisory only. The Supreme Court found that the Fourth Circuit erred in essentially making mandatory the disparity in sentencing between crack and powder cocaine sentences. The Court determined that a district judge must include the sentencing guidelines range in the multitude of factors warranting consideration; it did not hold that the sentences were required to be the same.

*Horne*, 2008-Ohio-6932, 2008 WL 5412370, at ¶ 10, quoting *State v. Jackson*, 6th Dist. No. L-08–1098, 2008-Ohio-3700, 2008 WL 2854150, at ¶ 10–11. This court declines to revisit our conclusion in *Horne*. Accordingly, because Smith's and Varner's petitions did not assert a right newly recognized by the United States Supreme Court and did not demonstrate that they were unavoidably prevented from discovering the facts upon which the petitions relied, the trial court did not

err in denying the petitions. Smith's and Varner's first assignments of error are overruled.

{¶ 13} Smith's and Varner's assignments of error are overruled. The judgments of the trial court are affirmed.

Judgments affirmed.

DICKINSON, P.J., and CARR, J., concur.