OPINION *Page 2 
{¶ 1} Petitioner Tony D. Smith, acting pro se, filed a petition for writ of habeas corpus seeking release from prison on the grounds the maximum sentence for which the law required him to serve has expired. Respondent Keith Smith, warden of the Mansfield Correctional Institution, filed a motion to dismiss pursuant to Civ. R. 12(B)(6), arguing the petition fails to state a claim upon which relief may be granted. Smith opposed the motion.
 {¶ 2} The underlying facts are as follows:
 {¶ 3} In December 2001, Smith was indicted in Summit County on charges of possession of cocaine in violation of R.C. 2925.11(A), with a major drug offender specification pursuant to R.C. 2941.1410; illegal manufacturing of drugs in violation of R.C. 2925.04(A); having a weapon while under a disability in violation of R.C. 2923.13(A)(3); and illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1).
 {¶ 4} A jury trial was held and Smith was found guilty of all charges. The trial court then found Smith guilty of the major drug offender specification attached to the possession of cocaine count and sentenced Smith to eighteen years of incarceration. The Ninth District Court of Appeals affirmed Smith's conviction. State v. Smith, 9th Dist. No. 21069, 2003-Ohio-1306. Smith, acting pro se, appealed to the Ohio Supreme Court. On July 2, 2003, the Supreme Court dismissed the appeal as not involving any substantial constitutional question. No further appeal was taken.
 {¶ 5} While Smith's petition to the Ohio Supreme Court was pending, on June 2, 2003, he filed pro se with the Ninth District Court of Appeals an application to reopen his *Page 3 
direct appeal pursuant to App. R. 26(B), alleging he had been denied the effective assistance of appellate counsel. On June 26, 2003, the Ninth District denied Smith's request to reopen his direct appeal. Smith, again acting pro se, appealed to the Ohio Supreme Court. The Supreme Court dismissed the appeal as not involving any substantial constitutional question. No further appeal was taken.
 {¶ 6} In 2006, Smith filed a pro se federal action in habeas corpus which was dismissed with prejudice and the U.S. District Court for the Northern District of Ohio certified that an appeal from the decision would be frivolous and could not be taken in good faith.
 {¶ 7} On March 15, 2006, Smith filed a pro se "petition to vacate or set aside void judgment pursuant to R.C. 2953.21," arguing that the decision of the Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1,845 N.E.2d 470, 2006-Ohio-856, rendered his sentence void. The trial court construed his petition as an untimely petition for post-conviction relief and denied it on June 15, 2006. Smith appealed that judgment, but voluntarily dismissed the appeal soon after it was filed.
 {¶ 8} On July 26, 2007, Smith filed a pro se petition for post-conviction relief arguing that that the trial court had failed to advise him of post-release control at the time of sentencing, and requested that the trial court correct his sentences. The trial court denied the petition and motion for resentencing. Smith appealed to the Ninth District which found Smith's petition for post-conviction relief to be untimely. State v. Smith, 9th Dist. Nos. 24246, 24247,2009-Ohio-335.
 {¶ 9} On January 26, 2009, Smith filed the instant petition alleging unlawful detention based upon a claim the trial court lacked jurisdiction to impose a sentence for *Page 4 
the degree of offense imposed, as well as lacked jurisdiction to impose a sentence for the major drug offender specification because the jury failed to make a finding as to the degree of offense or quantity of drugs involved.
 {¶ 10} The record reflects that Smith was sentenced to a term of nine years for possession of cocaine, a felony of the first degree. Additionally, Smith received a term of nine years on a major drug offender specification. There were several other convictions wherein Smith received sentences which were ordered served concurrently with the possession of cocaine count. Further, the sentence for the major drug offender specification was ordered to be served consecutive to the possession of cocaine sentence for an aggregate sentence of 18 years.
 {¶ 11} In his motion to dismiss, the Warden argues the instant petition should be dismissed because Smith has or had an adequate remedy at law. We agree.
 {¶ 12} "Dismissal under Civ. R. 12(B)(6) for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations are presumed true and all reasonable inferences are made in [petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus. Keith v. Bobby, 117 Ohio St.3d 470, 2008-Ohio-1443,884 N.E.2d 1067, ¶ 10." Goudlock v. Voorhies, 119 Ohio St.3d 398, 399,2008-Ohio-4787, 894 N.E.2d 692, 694.
 {¶ 13} The Ohio Supreme Court has held "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." In reComplaint for Writ of Habeas Corpus for Goeller, 103 Ohio St.3d 427,2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. The Warden argues the issues raised in the petition are ones which could have been *Page 5 
raised on appeal; therefore, Smith has or had an adequate remedy at law which bars the issuance of the writ.
 {¶ 14} Smith's sole argument relates to the jurisdiction of the trial court to impose sentences based upon verdict forms which do not contain the degree of offense or amount of drugs involved. The Ohio Supreme Court has held, "[A] claim that . . . jury verdict forms did not list all the essential elements of his criminal offenses is not cognizable in habeas corpus. See, e.g., Miller v. Mitchell (Aug. 29, 1997), Trumbull App. No. 97-T-0053, 1997 WL 531303." Wells v. Hudson,113 Ohio St.3d 308, 309, 2007-Ohio-1955, 865 N.E.2d 46, 47. Habeas corpus has been held to not be the appropriate remedy for challenging a sentence imposed pursuant to verdict forms which fail to specify the degree of offense. See Jackson v. Phillips, 8th Dist. No. 91963, 2009-Ohio-125.
 {¶ 15} In State ex rel. Wynn v. Baker, (1991) 61 Ohio St.3d 464, 465,575 N.E.2d 208, 209, the petitioner, who was charged with receiving stolen property, argued he was entitled to release because the jury did not specify the amount of the property taken which meant he could only be convicted of the least degree of offense pursuant to R.C. 2945.75.
 {¶ 16} In this case, Smith similarly argues the jury's failure to specify the amount of drugs involved or the degree of offense means he is entitled to release from prison because he could only be convicted of the least degree of offense. Because the maximum term for the least degree of offense has expired, Smith maintains he should be released from custody. The Ohio Supreme Court in Wynn rejected the viability of this argument in a habeas corpus action stating, "Habeas corpus relief is not available *Page 6 
to appellant because the sentencing error, if there is one, is not jurisdictional. Blackburn, supra." Id. at 465.
 {¶ 17} Because the claim raised in the petition could have been raised by way of direct appeal, petitioner had an adequate remedy at law, therefore, the Warden's Motion to Dismiss is granted.
 {¶ 18} For this reason, Smith's request for writ of habeas corpus is dismissed.
Delaney, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Petitioner's Petition for Writ of Habeas Corpus is hereby dismissed. Costs taxed to Petitioner. *Page 1